The Indianapolis and St. Louis Railway Company *v.* Harmless.

Judgment affirmed, with costs.

Filed Feb. 18, 1890; petition for a rehearing overruled May 16, 1890.

———————— ◆ ————————

## No. 13,138.

## The Indianapolis and St. Louis Railway Company *v.* Harmless.

Judgment.—*Avoidance of.*—*Summons.*—*Pleading.*—In an action on a judgment rendered in favor of the plaintiff by a justice of the peace, an answer by the judgment debtor which alleges that there was not due service of process upon the defendant in the action in which the judgment was rendered, but does not aver that the record does not show due service, is bad.

Same.—*Summons.*—*Exhibit.*—*Pleading.*—The copy of the summons and endorsement can not be considered in aid of such answer, since it is only written instruments which constitute the foundation of the defence that can be properly made exhibits to the answer.

From the Clay Circuit Court.

*J. T. Dye* and *W. H. Dye,* for appellant.

*J. A. McNutt* and *G. A. Knight,* for appellee.

Elliott, J.—The complaint of the appellee is founded on a judgment rendered in his favor by a justice of the peace. The appellant filed an answer in two paragraphs. The substance of the first paragraph is this: On the 11th day of August, 1884, Alfred Pell, a constable of Van Buren town-

ship, Clay county, Indiana, in the cause named in the complaint, served process on William Eaglesfield, the agent of the defendant, at Lena, Parke county ; the place where the service was made was not in the bailiwick of the constable ; on the 24th day of August, James Girton, a justice of the peace, rendered judgment against the defendant. The only service of process made upon the defendant was that made by constable Pell upon its agent at Lena. The defendant did not appear to the action, either in person or by attorney. To this answer a demurrer was sustained.

The appellee's counsel contend that the answer is bad, because it is not averred that the record does not show due service of process. We are required by our decisions to sustain this contention, although if the question were an open one some of the members of the court would agree with the appellant's counsel that where it is shown that there was no legal service of process it is unnecessary to allege that the record does not show such service. But the rule as declared by our cases is that in order to avoid a judgment in a collateral proceeding it must be averred that the infirmity which makes it void appears of record. In *Smith* v. *Hess*, 91 Ind. 424, it was said : " The general and correct rule, as established by the weight of authority, is, that a judgment by a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is apparent upon the face of the record. If the infirmity do not so appear, the judgment is not void, but voidable." A similar doctrine is declared in many cases, among them *Earle* v. *Earle*, 91 Ind. 27 ; *Reid* v. *Mitchell*, 93 Ind. 469 ; *Rubush* v. *State*, 112 Ind. 107 ; *Harman* v. *Moore*, 112 Ind. 221.

It is only written instruments which constitute the foundation of the defence that can be properly made exhibits to the answer, and it is only such exhibits as are properly parts of the answer that aid or strengthen it. Under this familiar rule, declared again and again by our decisions, the copy of

the summons and the endorsement can not be considered in aid of the answer.

Judgment affirmed.

COFFEY, J., did not participate in the decision of this case.

Filed May 16, 1890.