First National Bank of Indianapolis *v.* Hanna, Administrator, *et al.*

No. 1,588.

## THE FIRST NATIONAL BANK, OF INDIANAPOLIS, No. 2,556, *v.* HANNA, ADMINISTRATOR, ET AL.

JUDGMENT.—*Collateral Attack.*—*Decree to Sell Decedent's Land.*—*Exceptions to Final Report.*—A decree to sell real estate to pay the debts of a decedent can not be attacked as erroneous by one a party to it, by filing exceptions to the final report of such decedent's administrator, and such a decree is binding upon him, however erroneous, until set aside in a direct proceeding.

SAME.—*Presumption of Jurisdiction.*—The presumption is that a court of general jurisdiction had jurisdiction of a person who seeks to set aside its decree, whether such decree contains a recital of jurisdictional facts or not.

SAME.—*Allegation to Avoid, Sufficiency.*—*Decree.*—It is not sufficient, in order to overcome the presumption in favor of the jurisdiction of a court of general jurisdiction rendering a decree, for the person who seeks to avoid its consequences to merely aver that he had no legal notice of the pendency of the action in which it was rendered; but such person must allege what, if anything, is shown by the record in relation to the issue and service of process therein.

SAME.—*Overcoming Recital of Notice, Sufficiency of Averment.*—Where a judgment shows, upon its face, that the party seeking to avoid it had been served with legal notice, an averment that no such notice had in fact been served is not sufficient to overcome the recital of notice in the record.

DECEDENT'S ESTATE.—*Administrator's Power Over Real Estate.*—*Order to Sell.*—An administrator has no control over the real estate of his decedent except it become necessary to pay debts; and he then can only sell it under an order of the court.

SAME.—*Rents, Heirs Entitled to.*—*Administrator Can Not Control.*—The heirs, and not the creditors, are entitled to the rents of the decedent's real estate, even after petition to sell such real estate; and if the administrator collect the rents, he can not apply them to the payment of the debts of the decedent, unless acting under a special order of the court in renting the property.

PRACTICE.—*Exhibits.*—*Judgment.*—The term "written instrument," such as must be filed with a pleading when the action is founded upon it, does not include a judgment.

REVIEW OF JUDGMENT.—*Order to Sell Decedent's Real Estate.*—A bill to review an order to sell real estate of a decedent to pay his debts can not be maintained, for such order is only an interlocutory order.

SAME.—*When Bill Must Be Filed.*—A bill for review of a judgment must be brought within one year from the date of the rendition of the judgment.

From the Hendricks Circuit Court.

*R. N. Lamb* and *R. Hill,* for appellant.

*F. Kneffler* and *J. S. Berryhill,* for appellees.

REINHARD, J.—This appeal was taken from the rulings of the court below upon certain exceptions to the final report of the appellee as administrator of the estate of John Hanna, deceased.

The facts underlying the case are as follows:

John Hanna, the appellee's decedent, died October 24, 1882, intestate, leaving the appellee, Emma Hanna, his widow, and ten children surviving him. The appellee Wilbur A. Hanna, on the 8th day of November, 1882, was appointed administrator of the estate of said intestate, and, on the 26th day of December, 1883, filed his petition in the Hendricks Circuit Court to sell real estate to pay decedent's debts.

In the petition the administrator averred that Hanna died the owner in fee simple of certain real estate therein particularly described in parcels, to wit:

No. 1. Certain real estate in Putnam county.

No. 2. Also in Putnam county.

No. 3. Lot No. 45 in Young's subdivision to Indianapolis.

No. 4. Lot No. 46 in Young's subdivision to Indianapolis.

No. 5. Part of lot No. 13 in Coburn's subdivision to Indianapolis.

No. 6. Lots 3 and 4 and an undivided one-fourth of lots 5 and 6 in the Commissioners' subdivision, etc., to Indianapolis.

No. 7. One hundred and seventy-six acres in Hendricks county, described in record.

No. 8. One hundred and seventy-four acres in Hendricks county, also described.

In the decree of sale it was provided how the proceeds thereof should be applied by the administrator, with which order the latter complied.

Having sold all the real estate and applied the proceeds as directed, the administrator filed his final report and asked to be discharged. To this report the appellant filed six exceptions and subsequently added a seventh.

The first exception attacks the decree in the proceeding to sell real estate and claims that it was erroneous because it provided that the widow should take one-fifth interest in the entire estate as against all but mortgagees.

To this exception the court sustained a demurrer, and this ruling is assigned as error.

The attack made by this exception is upon the decree to sell real estate, or rather upon that portion of it which awards the one-fifth of the proceeds to the widow. If the appellant was a party tò such decree, or to the proceedings in which it was made, and had legal notice thereof, so as to be barred by it, it can not attack the decree thus collaterally. The appellant's counsel recognize this dilemma, and seek to escape it by an attempt to show that the court had no jurisdiction such as to make the decree binding upon the appellant.

The averment as to jurisdiction is: "That neither the said Alexander B. Conduitt, the president, nor any other officer of said First National Bank of Indianapolis, was served with notice of the pendency of said petition, or ever appeared thereto."

And again it is averred as follows: "To which [pro-

ceeding to sell real estate] the First National Bank of Indianapolis, No. 55, the then holder of said claims, was not a party, and did not appear and answer, and was not notified by summons or otherwise, and to which neither of said banks appeared and filed answer.''

It is not material how erroneous the decree to sell real estate may have been, if the court had jurisdiction of the subject-matter and the parties, it can not be assailed collaterally. That the court had jurisdiction of the subject-matter is not denied. It being a court of general jurisdiction, it will also be presumed that it had jurisdiction of the person of appellant, and this presumption will hold good until it is overcome by some showing to the contrary. The court will be presumed to have done its duty, and this includes the presumption that all parties affected by said judgment and decree were properly before it, and were duly served with process.

Where it appears, on the face of the record, that the court had jurisdiction, the judgment can not be impeached collaterally. *Lantz* v. *Moffett,* 102 Ind. 23; *Indianapolis, etc., R. W. Co.* v. *Harmless,* 124 Ind. 25; *Cassady* v. *Miller,* 106 Ind. 69.

If it does not so appear, this fact should be pleaded.

It is not sufficient, in such case, in order to overcome the presumption in favor of the jurisdiction of the court, to aver that the party seeking to escape its consequences had no legal notice of the pendency of the action in which it was rendered, but such party must allege what, if anything, is shown by the record in relation to the issue and service of process therein. *Cassady* v. *Miller, supra; Indianapolis, etc., R. W. Co.* v. *Harmless, supra; Shoemaker* v. *South Bend Spark Arrester Co.,* 135 Ind. 471.

The reason for the rule just announced is that the record in such matters is conclusive. Were the judgment

itself pleaded, and did it show upon its face that the party seeking to avoid it had been served with legal notice, an averment that no such notice had in fact been served, would not be sufficient to overcome the recital of notice in the record. And when the record of the judgment is not set forth in the pleading, as it is not in the exception under consideration, every presumption as to what it contains will be indulged in its favor until the contrary is made to appear by direct averment.

It was said by the court in *Cassady* v. *Miller, supra:* "It is nowhere alleged in appellants' complaint *that the record of such judgment does not show* that she" (Melissa Cassady) "was not a party defendant in the action and judgment. Nor do the appellants allege *that the record shows* that no summons was issued in the action for Melissa Cassady, or that she had not been personally served with summons issued therein, and the summons returned by the sheriff, showing such service the requisite period of time before the rendition of such judgment. Upon the question of notice, the only allegation of the complaint is, that she, Melissa Cassady, was not served with process, and did not know of the rendition of such judgment nor of its existence until in 1881. This allegation is wholly insufficient, we think, to overcome the legal presumptions in favor of the validity of the judgment."

In *Krug* v. *Davis*, 85 Ind. 309, the court said: "It necessarily follows that besides, or instead of, denying the fact of service, the complaint should have alleged that there was not in fact, and the record of the judgment did not show, a return of service of summons upon the judgment defendant."

We are therefore of opinion that the exception before us is not sufficient to overcome the presumption in favor of the validity of the judgment it seeks to escape,

and that the court correctly sustained the demurrer to it.

The court also sustained a demurrer to the second exception, and this ruling is assigned as error. This exception seeks to prevent the approval of the report upon the ground that the administrator did not apply the rents of the real estate to the payment of the debts of the estate. It avers that parcel No. 1, 18.53 acres, adjoining the town of Greencastle, was of the rental value of $10 per month; parcel No. 2, 4 acres in Greencastle, was of the value of $20 per month; parcel No. 3, being lot No. 45, in Young's subdivision to Indianapolis, was of the rental value of $20 per month; parcel No. 4, viz.: Lot No. 46, in Young's subdivision to Indianapolis, was of the rental value of $20 a month; parcel No. 7, viz.: A farm of 176 acres in Hendricks county, was of the rental value of $800 a year, and parcel No. 8, 124 acres improved land in Hendricks county, Indiana, was of the rental value of $300 per year.

The exception demands that the administrator be charged with said rent, for all but the 40 acres reserved to the widow and family.

Appellant's counsel insist that under section 2336, R. S. 1881, "It is the duty of the administrator, as soon as he learns that the personal estate is insufficient to pay debts, to take charge of all the real estate not exempted to the widow and children, and if he can not sell, rent and collect the rents for the benefit of creditors."

We do not think the appellant's position as to collection and application of rents is at all tenable. It is well settled that the administrator has no control over the real estate except in case it becomes necessary to pay debts, in which event he can proceed to sell it only by order of court. The heirs, and not the creditors, are entitled to the rents; and this is so even after a petition to sell the

real estate has been filed. The administrator, even if he collects such rents, can not apply them to the payment of debts unless he is acting under the special order of the court in renting the property. *Kidwell* v. *Kidwell*, 84 Ind. 224 ; *Hankins, Admr.*, v. *Kimball*, 57 Ind. 42.

The court also sustained a demurrer to the fifth paragraph of the appellant's exceptions. This ruling is assigned as error, but, as the point is not discussed in appellant's brief, it must be considered as waived.

The fourth specification of error is that the court erred in sustaining the demurrer of the appellee to the seventh or additional exception and complaint filed by the appellant. This paragraph sets forth at length as exhibits, the proceedings resulting in the sale of real estate to pay debts, and seeks to review them. The concluding portion of this paragraph is as follows:

"Plaintiff and exceptor files herewith and makes part hereof a certified copy of the proceedings and record, including said administrator's said petition to sell real estate to pay debts, the answers thereto by appellees, the answer and cross-complaint of said Emma Hanna, and the answers of parties made defendant to said cross-complaint, the orders, entries and final finding, judgment and decree of the Hendricks Circuit Court on said administrator's said petition to sell real estate to pay debts, and on said Emma Hanna's answer and cross-complaint, and of all reports of sales of real estate by said Wilbur A. Hanna as such administrator, and of his reports to the court as such administrator.

"Plaintiff and exceptor, therefore, prays the court that said proceedings, judgment and decree may be reviewed and modified, and that said Emma Hanna, as such widow, may be given her interest in the said real estate of which said John Hanna died seized, subject to the mort-

gage liens and encumbrances existing against said real estate at the time of the death of said John Hanna, and given her interests in the equitable interest therein, held by said John Hanna in lot 46, in Young's subdivision of outlot 181, Indianapolis, covered by the sheriff's certificate, after the payment of the debt of said John Hanna, to secure which said certificate of sale had been assigned as collateral security.

"And appellant and exceptor prays for all other equitable and proper relief."

The appellant's counsel earnestly contend that this pleading sufficiently shows the want of jurisdiction in the court making the order of sale in that it not only avers that no notice was actually served upon appellant but in that it also makes the proceedings exhibits of the paragraph, such proceedings themselves showing that no notice was served upon the appellant, and that it did not appear thereto. But the weakness of the appellant's position lies in the fact that the court, in passing upon the sufficiency of the pleading under consideration, can not look to the exhibits. Our code only permits such an exhibit to be filed when the pleading is founded on a written instrument or an account. R. S. 1894, section 365 (R. S. 1881, section 362).

It has been repeatedly and uniformly held by our courts that a judgment is not a "written instrument" within the meaning of the statute, and that a copy of a judgment so filed with a pleading does not become a part thereof by reference, although such judgment be the foundation of the pleading. *Dumbould* v. *Rowley*, 113 Ind. 353; *Conwell* v. *Conwell*, 100 Ind. 437; *Evansville, etc., R. R. Co.* v. *Frank*, 3 Ind. App. 96.

We must, therefore, examine the pleading before us without reference to the transcript of the judgment and proceedings filed with it, and when this is done the same

objection applies to it that was stated in passing upon the sufficiency of the first exception. The presumption in favor of the validity of the judgment is not overcome by any averment in this exception.

If, however, this paragraph be treated as a bill to review, it is clearly insufficient for several reasons: In the first place, the order to sell the real estate is but an interlocutory order, and to such an order a bill to review will not lie. *Cravens* v. *Chambers*, 69 Ind. 84.

Moreover, as a bill to review, this pleading was not filed in time. The judgment and decree of sale was rendered February 5, 1884, and the sales were confirmed from March 21, 1885, to October 6, 1887. The bill was filed November 10, 1891. The cause relied upon for the review is error of law appearing in the proceedings and judgment. A bill for this cause must be brought within one year. R. S. 1894, section 628 (R. S. 1881, section 616).

The application must be filed within the time fixed by the statute. *Rosa* v. *Prather*, 103 Ind. 191.

Other reasons might be mentioned why the pleading is bad when considered as a bill to review, but these are sufficient.

The appellant insists, however, that while this exception is called a bill to review, "it is in no sense such a proceeding as is contemplated by the statutory provision in regard to the review of judgments. It is a proceeding to be relieved from the effect of a judgment or decree of a court, seriously affecting the rights of appellant, rendered in a case of a cross-petition, without the court that rendered the decree having acquired jurisdiction of appellant as to the cross-petition."

What we have heretofore said in respect of the question of attack upon the judgment for the want of jurisdiction, applies also to the point under immediate consid-

eration.  We must presume, in the absence of the record, that the court did its duty in the premises, and that process upon the cross-petition was duly served. The mere allegation that it was not so served, without an additional averment that the record shows upon its face such want of service, or at least that the judgment entry fails to show such service, or an appearance, is not sufficient to overcome the presumption in favor of the validity of the judgment.  If the appellant was a party to the proceedings to sell the real estate and was duly served with process, it is bound by the decree.  If the decree shows such service, the appellant is bound by it in the absence of fraud.  If the decree does not show such service, or otherwise fails to disclose the jurisdiction of the court, the appellant should have so alleged in its exception.

What the appellant might have accomplished by a direct proceeding to set aside the decree, we need not determine.

The exceptions to the report were not a direct but a collateral attack upon the interlocutory orders and judgments of the court, the consequences of which they undertook to escape by averments of want of jurisdiction.  The court committed no error in sustaining the demurrer to this exception.  See Thornton & Blackledge Adm. and Sett. of Estates, 392.

The remaining assignments of error present no other or different question for our determination from those already passed upon.

The question sought to be raised by the appellant as to what interest Emma Hanna, the widow of appellee's intestate, took in the real estate of her husband at the time of his death, is not before us.

The decree of sale and order of payment of the proceeds, are conclusive as against the appellant, and, in

the absence of a showing that the court had no jurisdiction, the appellant will be bound by them.

Judgment affirmed.

Filed March 13, 1895.