## STARK *v.* BINDLEY.

### [No. 18,517. Filed February 16, 1899.]

MALICIOUS PROSECUTION.—*Termination of Prosecution.*—Where a person was recognized to appear before the circuit court at the November term thereof to answer to the charge of larceny, and the grand jury at the September term of court investigated the charges against accused, and indorsed on the papers, certified to the circuit court by the justice of the peace, the word "Ignoramus," such action will not amount to a termination of the prosecution. *pp. 183-186.*

SAME.—*Termination of Prosecution.*—An action for malicious prosecution cannot be maintained until the prosecution complained of has been legally terminated in favor of the defendant therein. *p. 186.*

From the Clay Circuit Court. *Affirmed.*

*A. W. Knight, T. W. Harper, A. J. Kelley* and *Samuel R. Hamill,* for appellant.

*George A. Knight, I. N. Pierce* and *Lamb & Beasley,* for appellee.

MONKS, C. J.—Appellant brought this action against appellee to recover damages for an alleged malicious prosecution. Appellant's demurrer to the second paragraph of answer was overruled and, refusing to plead further, judgment was rendered on demurrer in favor of appellee. The only error assigned calls in question the action of the court in overruling the demurrer to the second paragraph of answer.

The allegations of the second paragraph of answer are substantially as follows: That on September 21, 1891, appellee filed an affidavit before a justice of the peace, charging

appellant with the crime of larceny. Appellant was arrested and had a preliminary examination on said charge before the justice on September 22, 1891, and on said day was held by said justice to answer to said charge of larceny, and required to give her recognizance to appear at the November term, 1891, of the Vigo Circuit Court to answer said charge. Failing to give said recognizance she was committed to jail until September 25, 1891, when she gave recognizance as required by said commitment, to appear and answer said charge at the November term, 1891, of the Vigo Circuit Court, and was discharged from jail. The September term 1891 of the Vigo Circuit Court was in session when said affidavit was filed, at the time the hearing was had and at the time appellant entered into her recognizance, and continued in session until November 14, 1891. The grand jury for the September term of said court was in session after appellant had been recognized to appear at the November term of said court and took up the investigation of said charge against appellant and had the papers certified to said court by said justice of the peace. On October 19, 1891, the grand jury, at said September term returned said papers to the clerk of the court, with the word "Ignoramus" indorsed thereon, and signed by the foreman of said grand jury; there was no order, judgment, or entry of said court made or entered of record discharging appellant from custody, or releasing her from the recognizance to appear at the November term of said court to answer said charge. There was no other or further proceeding of any kind had or taken respecting said charge against appellant by the Vigo Circuit Court, or by the grand jury, at any time thereafter, and there was no record made of the return of "Ignoramus" by the grand jury. This action was commenced and was pending before the commencement of the November term 1891 of said court.

The question presented is, was the criminal prosecution against appellant terminated, or at an end, within the meaning of the law, when this action was brought? If it was, the

court erred in overruling appellant's demurrer to the second paragraph of answer, and the judgment should be reversed, otherwise the judgment should be affirmed.

It is first insisted by appellee that the return of "Ignoramus" by the grand jury was not a legal termination of said cause until a judgment was rendered thereon by the circuit court discharging appellant's bond, and releasing her from the duty of further appearing to answer the charge preferred against her by appellee. For a full discussion of this question see note to *Ross* v. *Hixon*, 46 Kan. 550, 26 Am. St. 123, 135, 137. It is not necessary to determine whether a judgment of discharge is necessary upon a return of "Ignoramus" to legally terminate such prosecution, for the reason that, even if such judgment is not necessary, the return set forth did not terminate said prosecution. The justice of the peace in requiring, and appellant in giving, her recognizance to appear and answer said charge of larceny at the November term of the Vigo Circuit Court merely complied with the provisions of section 1703 Burns 1894, section 1634 Horner 1897. Where the person held to answer a charge of felony by the justice of the peace gives a recognizance to appear at the next term of the circuit court, as the appellant did, it is the duty of the clerk to docket the case for the term at which such person has given bond to appear. If the grand jury at the September term of said court had returned an indictment charging her with the same larceny for which she was held to answer by the justice of the peace, said recognizance could not have been forfeited for a failure to appear at said term, because the condition thereof did not require her to appear at said term but at the November term. Section 1790 Burns 1894, section 1721 Horner 1897. To have given the said court jurisdiction over the person of appellant at the September term, if indicted at that term, it would have been necessary to issue a bench warrant on said indictment, and cause her arrest thereon, when she could have given a recognizance to answer said indictment or in default thereof been

committed to jail. It is true that the grand jury at the September term had jurisdiction to investigate said larceny, and it was their duty to do so, but this was by virtue of the fifth clause of section 1735 Burns 1894, section 1666 Horner 1897, which provides that the grand jury must inquire "into violations of the criminal laws of this State generally of which the court has jurisdiction," and not under the second clause of said section. The second clause only applies to cases where the person is under bail to appear and answer at the term the grand jury is impaneled. As appellant's recognizance did not require her to appear at the September term of said court the grand jury at the September term had no jurisdiction to investigate said alleged offense by virtue of said proceeding instituted by appellee against appellant before the justice of the peace, a transcript of which and all papers were filed with the clerk of said court. The indorsement of "Ignoramus" on the papers of said cause was a nullity. Said grand jury had no authority to act upon the transcript and papers in said cause, and said court had no jurisdiction over the person of appellant at said time, on account thereof, for the reason that the proceeding was not pending at said term, but was for the November term of said court. If at the November term of the Vigo Circuit Court the grand jury had returned an indictment against appellant for the larceny charged in appellee's affidavit, she could have been required by the court to appear and plead thereto, and on failure to do so her recognizance could have been forfeited, notwithstanding said return of "Ignoramus" at the September term. This is true because the condition of her recognizance required her to appear and answer said charge at said November term. If appellant had not given a recognizance for her appearance, but had been in jail on said charge awaiting the action of the grand jury thereon, when the return of "Ignoramus" was made upon the papers in said cause by the grand jury, the grand jury and court would have had jurisdiction, and a judgment of the court on said return discharg-

ing appellant from custody would have been a legal termination of the proceeding instituted by appellee. The return of "Ignoramus" did not therefore terminate the prosecution instituted by appellee against appellant, and the same was not at an end when this action was commenced. It is settled law that an action for malicious prosecution cannot be maintained until the prosecution complained of has been legally terminated in favor of the defendant therein. *McCullough* v. *Rice,* 59 Ind. 580, and cases cited; *Gorrell* v. *Snow,* 31 Ind. 215; *Hays* v. *Blizzard,* 30 Ind. 457, 458; *Steel* v. *Williams,* 18 Ind. 161, 163, 164; *Lytton* v. *Baird,* 95 Ind. 349, 361; *Cottrell* v. *Cottrell,* 126 Ind. 181, 182.

It follows that the court did not err in overruling the demurrer to the second paragraph of answer.

Judgment affirmed.