GODFREY ET AL. v. WHITE, ADMINISTRATOR, ET AL.

[No. 4,267.   Filed January 26, 1904.]

JUDGMENT.—*Action to Revive.—Collateral Attack.—Silence of Record as to Jurisdiction.*—Where, in an action to revive a judgment rendered by a domestic court of general jurisdiction, the record is silent on the subject of jurisdiction, the validity of the judgment can not be attacked on the ground of want of jurisdiction at the time the judgment was taken. *pp. 268, 269.*

SAME.—*Agreement as to Stay of Execution.—Jurisdiction.*—The court's jurisdiction of the parties sufficiently appears, where the record shows an agreement between the parties at the time the judgment was rendered as to stay of execution. *p. 272.*

SAME.—*Description of Land in Decree for Mortgage Foreclosure.*—The description of land in a mortgage and the decree of foreclosure is sufficient, where the sheriff can readily ascertain the parcel of real estate ordered to be sold by him, and the surveyor can easily locate it. *p. 273.*

From Allen Circuit Court; *W. J. Vesey*, Special Judge.

Suit by John W. White, administrator of the estate of James B. White, deceased, against George Godfrey and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Robert Lowry* and *C. A. Hays*, for appellants.

*W. G. Colerick, K. C. Larwill, Guy Colerick* and *W. H. Shambaugh*, for appellees.

HENLEY, C. J.—This was an action originally commenced by James B. White to revive a judgment entered in his favor in the Allen Circuit Court on October 25, 1876. The judgment was on four notes executed to him by James R. Godfrey and Archange Godfrey, and for the foreclosure of four mortgages given to the said White by James R. Godfrey and Archange Godfrey, his wife, on real estate owned by the wife, which mortgages were

given to secure the payment of the above-mentioned notes. The mortgagors above named were the sole defendants in the action which resulted in the judgment and decree of foreclosure. This judgment remained dormant without any effort being made to collect it by execution or order of sale, until January 8, 1890, when this action was commenced to revive it. Prior to the last mentioned day, Archange Godfrey died, and her heirs were made defendants to the action to revive, as were also all other persons who held liens on the real estate affected by the decree of foreclosure. After the action to revive was commenced, the original plaintiff, James B. White, died, and John W. White, the administrator of his estate, was substituted as plaintiff. James R. Godfrey, one of the defendants, also died, and the administrator of said Godfrey's estate and his heirs at law were substituted in his place as defendants in the action. It is shown by the complaint that James B. White, on February 3, 1882, sold and assigned twelve-fifteenths of the judgment rendered in his favor to twelve different persons who were grandchildren of James R. and Archange Godfrey, assigning and transferring to each one-fifteenth part of the judgment, and that afterward eight of such purchasers sold and assigned their interests in the judgment to one Carrie S. Alden, and four of them, through their guardians, and acting under the order of the Allen Circuit Court, sold and assigned their interests in the judgment to James B. White, thereby vesting in White the ownership of seven-fifteenths of the judgment, being the three-fifteenths which he had not sold, and the four-fifteenths which he had purchased.

The appellants answered the complaint in three paragraphs. The first paragraph of answer was a general denial. The second alleged, in substance, that Archange Godfrey, deceased, who was the owner of the real estate described in the mortgages, executed them as security for

Godfrey *v.* White.

her husband, James R. Godfrey, and that she was not served with summons in the original action, and had not appeared thereto, and that the decree of foreclosure against her was void. The third paragraph alleged, in addition to the averments contained in the second paragraph, that the said Archange Godfrey was an Indian; that she derived her title to the real estate so mortgaged by descent from one John B. Richardville, to whom the same had been granted by the United States under a treaty with the Miami tribe of Indians, of which tribe he was a member, and that the mortgages had been executed by her and her husband without the consent of the President of the United States, and that the execution of the same had never been approved by the President; and that the decree of foreclosure had been rendered without the court having jurisdiction of her person, by reason of her not having been served with process therein, and not having appeared to the action.

A reply of general denial was filed by the appellees. A cross-complaint was filed by Carrie S. Alden, in which the same averments were made, as constituting a ground for revival of the judgment, as were stated by the appellee White in his complaint. The answers filed by appellants to the cross-complaint of Carrie S. Alden were, with the exception of the fourth, the same as were filed to the complaint of the appellee White. The fourth paragraph of answer to appellee Alden's cross-complaint averred that the assignment of the interests set up in the cross-complaint were procured to be made to her by Samuel R. Alden, her husband, and that he paid the only consideration that was ever paid the assignors, or either of them, therefor, by rendering services as their attorney in transactions between them and said Archange Godfrey in her lifetime, and the further payment by said Alden to each of them of the amount of $50; that said payments were made while the said Samuel R. Alden was acting

as their attorney, and that he took said assignments in the name of Carrie S. Alden without her having . paid anything therefor, and that the value of each of the interests so assigned was greatly in excess of the amount of the consideration so paid, and the value of the services so rendered; and that each of said interests were worth $800 in excess of the entire consideration received. There was a reply in general denial to each of the affirmative paragraphs of answer to the cross-complaint.

The trial was by the court, and resulted in a finding and judgment for the appellee White and for the cross-complainant Carrie S. Alden that they were entitled to a revival of the judgment, and an order of sale for the enforcement of the decree of foreclosure, and that execution issue thereon for the amount of the former judgment and decree, with interest from its rendition; and it was ordered that a copy of the original decree and of the decree thus rendered be issued by the clerk, and that the lands described in said decree, containing 320 acres, or so much thereof as might be necessary, be sold, without relief from valuation and appraisement laws, and the proceeds applied in the payment of the costs of the former suit and 'of this suit, and of the amount of the judgment and decree so ordered to be revived, together with interest thereon from the 25th day of October, 1876.

The principal question to be determined in this appeal is whether or not the trial court had jurisdiction of the defendants in the suit wherein the original judgment was rendered. It is not, of course, denied but that the court had jurisdiction of the subject-matter of the action; but the claim of counsel for appellants is that the judgment was rendered without the court having jurisdiction of the defendants, because it is asserted that the record does not show that any summons was ever issued in the action wherein the judgment was rendered and served on the

judgment defendants, or that they appeared to the action in person or by attorney; and it is contended that for this reason the judgment is void. We think the position taken by counsel for appellant can not be maintained, and that the judgment upon such a state of facts as is presented by the answers is, at most, voidable. It is not claimed that the record of the judgment discloses that the court rendering it did not have jurisdiction over the judgment defendants, but, at most, that the record on the subject of jurisdiction, or the acts necessary to confer jurisdiction, was silent. This being true, the firmly established rule must prevail, that where the record of a domestic court of general jurisdiction is silent, jurisdiction is presumed, and that where a court of general jurisdiction is cognizant of the matter in controversy and of the parties its decree is binding upon all other courts until it is reversed or set aside by a proper proceeding, and that it can not be attacked collaterally, and that it is conclusive as to all matters therein embraced. *Bateman* v. *Miller,* 118 Ind. 345; *Anderson* v. *Wilson,* 100 Ind. 402; *Dwiggins* v. *Cook,* 71 Ind. 579; *McCormick* v. *Webster,* 89 Ind. 105; *Sims* v. *Gay,* 109 Ind. 501.

In *Castetter* v. *State, ex rel.*, 112 Ind. 445, the court said: "Since it appears that judgment was rendered by a court of competent and general jurisdiction, we must presume, in favor of the regularity of its proceedings, that the court had, by notice duly served or by an appearance in court, acquired jurisdiction over the person of the relatrix. This is according to the rule that where a proceeding in a court of general or superior jurisdiction is of such a character that upon final action the court should, from the nature of the case, ascertain whether it is such in fact that it has jurisdiction to act, as it is invoked to do, and it does so act, its judgment can not be collaterally questioned, unless it affirmatively

appears that the subject-matter was without its jurisdiction, or that it did not have jurisdiction over the persons affected by the judgment."

In *First Nat. Bank* v. *Hanna,* 12 Ind. App. 240, it is held that the presumption is that a court of general jurisdiction had jurisdiction of a person who seeks to set aside its decree, whether such decree contained a recital of jurisdictional facts or not, the court saying: "The court will be presumed to have done its duty, and this includes the presumption that all parties affected by said judgment and decree were properly before it, and were duly served with process."

In the early case of *Horner* v. *Doe,* 1 Ind. 130, 48 Am. Dec. 355, the court said: "That where the record discloses nothing upon the point, jurisdiction of the person and of the subject-matter will, the contrary not being proved, be presumed, in cases of domestic judgment of courts of general jurisdiction, where they come collaterally in question."

In the case of *Crane* v. *Kimmer,* 77 Ind. 215, the court said: "In the case of *Cole* v. *Allen,* 51 Ind. 122, the record did not show that any process had been served, and there was no process appearing in the record; for which error the cause was reversed. The court held in this case, and others, that, when the judgment is by default, the record must contain the process, with the return of the sheriff of service indorsed thereon, to show that the court had jurisdiction of the defendants, or, upon an appeal, the judgment will be reversed. ' [Citing cases.] This is where the judgment is brought in review by appeal. But, where the judgment is collaterally attacked, a different rule obtains. In that case, if the record states that process has been duly served, that is sufficient; or, if the record says nothing about the process, the circuit court being the court of general jurisdiction, it will be presumed that process had been duly served, and that

the court had properly acquired jurisdiction over the persons of the defendants."

In the case of *Comparet* v. *Hanna,* 34 Ind. 74, which was an action to revive a judgment by writ of *scire facias,* where it affirmatively appeared upon the face of the record of the judgment sought to be revived that the court rendering the judgment had not acquired jurisdiction of the judgment defendants in any way—the court holding in effect that such a proceeding would be void as against the judgment defendants upon a proper plea by them— the court said: "When, however, the judgment or proceedings of a court of general jurisdiction come collaterally in question, and the record discloses nothing upon the point, jurisdiction of the person, the contrary not being shown, will be presumed."

In *Harman* v. *Moore,* 112 Ind. 221, the court said: "Where the record of a court of general jurisdiction, either affirmatively or by the presumptions which attach to it, shows that the judgment has been rendered against a party over whom the court had acquired jurisdiction, any attack, the sole purpose of which is to have the judgment declared void by showing facts and circumstances *dehors* the record, is a collateral attack. It has often been decided that such an attack can not be successfully made by a party to the judgment."

Under the settled rule of law, as applied to the facts shown by the record in the case at bar, the presumption must be indulged that the court had jurisdiction of the judgment defendants, and that the judgment so rendered can not be attacked in the manner here attempted by a party to the record. The answers in this case, which seek to set up as a defense to the action that the court had not jurisdiction to render the judgment, were held sufficient by the trial court, and this action of the trial court is not questioned upon appeal. Whether or not the answers stated a defense, they at least formed an issue

which was tried, and upon which appellees introduced evidence. The evidence so introduced, we think, conclusively proves that the judgment defendants were in court, personally and by attorney. It was also shown—and the same appears as a part of the record in this case—that a certain agreement was entered into by the plaintiff and defendants in the action which resulted in the judgment here sought to be revived, by which agreement, in consideration of certain things to be done by the judgment defendants, the plaintiff agreed to suspend for a certain length of time the issuing of execution and order of sale on such judgment; and this agreement between the parties to the action was made in open court by the parties thereto, and spread upon the order-book of said court, and made a part of the decree.

In the case of *Brake* v. *Stewart*, 88 Ind. 422—it being a case where the defendant was not served with summons, and did not personally appear—the Supreme Court said: "But in the present case the complaint shows that the court had jurisdiction of the subject-matter of the foreclosure suit, and the record shows that the judgment. was in accordance with the relief demanded; and the record contains also the following statement at the end of the judgment: 'And it is agreed by the parties that execution shall not issue herein for six months unless ordered by said Elisha Stewart.' It appears by this statement that the parties were in court, recognizing the validity of the judgment by making an agreement for a stay of execution; this sufficiently shows jurisdiction of the court over the persons of the defendants; it shows that they were present in court at the rendition of the judgment, and agreeing to its terms with the proviso for a stay of execution."

Neither the power or authority of D. H. Colerick as the attorney for Archange Godfrey was questioned, and his appearance for her was *prima facie* evidence of his

authority so to appear. *Castle* v. *Bell*, 145 Ind. 8. We must conclude that the record of the judgment shows upon its face that the court had jurisdiction of the defendant Archange Godfrey; and, in addition to this, the evidence introduced by appellees was sufficient upon which the court could have found that the said Archange had been personally served with the summons to appear to the action.

It is also contended by counsel for appellants that the description of the real estate in the mortgage and decree is so defective as to render the judgment of no effect. The description of the real estate is clearly sufficient. The sheriff of the county could readily ascertain the parcel of real estate ordered to be sold by him, and the surveyor could easily locate it. This being true, the description was sufficient, under the decisions of our courts. *Collins* v. *Dresslar*, 133 Ind. 290, and cases cited; *Edens* v. *Miller*, 147 Ind. 208; *Stevens* v. *Flannagan*, 131 Ind. 122.

We have carefully examined all the questions raised by counsel for appellants presented by the record in this case, and find no reversible error. Judgment affirmed.