390    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Long—73 Ind. App. 390.

INDIANAPOLIS NORTHERN TRACTION COMPANY
ET AL. *v.* LONG.

[No. 10,427.   Filed June 2, 1920.]

1. COURTS.—*Jurisdiction.*—*Presumption.*—It is a rule of law as
to courts of general jurisdiction that it is presumed that every
step necessary to give jurisdiction has been taken, and unless
the contrary appears, it will be presumed that there was due
service of process or notice or appearance by the parties, so
that the entering of a judgment *nunc pro tunc* as of an earlier
term cannot be attacked merely because the record did not show
notice of an intention, to have such proceedings was served.
p. 391.

2. COURTS.—*Jurisdiction of Parties.*—It is not necessary that the
record on appeal affirmatively show that the trial court had
jurisdiction of the parties. p. 391.

3. APPEAL.—*Waiver of Error.*—*Objection to Jurisdiction.*—Juris-
diction of the person or of the proceeding must be raised *in
limine* or it is waived, so that appellant cannot for the first
time on appeal attack the jurisdiction of the trial court to
enter a judgment *nunc pro tunc* as of an earlier term on the
ground that the record did not show that notice of intention
to have the proceedings was served. p. 392.

4. APPEAL.—*Transcript.*—*Time for Filing.*—Where on April 11
judgment was entered *nunc pro tunc* as of March 21, and ap-
pellants gave notice of their vacation appeal from a judgment
of March 21, which time the motion for new trial was over-
ruled, the time for filing the transcript ran from that date,
and, when not filed until September 20, it was not filed within
180 days from the date of final judgment and the appeal will
be dismissed. p. 392.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action between the Indianapolis Northern Traction
Company and others and Simon Long.   From the judg-
ment rendered, the former appeals.   *Affirmed.*

*J. A. Van Osdol* and *McConnell, Jenkines & Jenkines,*
for appellants.

*Long, Yarlott & Souder,* for appellee.

NICHOLS, J.—Appellee has filed his motion to dismiss
this appeal for the reason that the transcript was not

MAY TERM, 1920.        391

Indianapolis, etc., Traction Co. *v.* Long—73 Ind. App. 390.

filed within 180 days from the date of final judgment. It appears that the transcript was filed September 20, 1918, and appellee contends that the final judgment was rendered March 21, 1918.   If appellee is right as to this contention, then 183 days had elapsed from final judgment to the date of filing the transcript, and appellee's motion to dismiss must be sustained.   The motion for a new trial was overruled on the same date as the final judgment was rendered.

It appears by the record that the proceedings and judgment were entered April 11, 1918, *nunc pro tunc* as of March 21, 1918.   The January term of the

1.   Cass Circuit Court ended March 30, 1918, and the *nunc pro tunc* entry was therefore made at the succeeding or April term of said court.   Appellant says that the transcript fails to show that appellee served, or caused to be served, upon appellants or either of them, or upon their attorneys of record, or upon any person upon whom such notice might rightfully be served, any notice of his intention to have the proceedings of April 11, 1920, and that therefore the proceedings as to the *nunc pro tunc* entry are *coram non judice* and void.   It does not appear by the record that no notice was served, and it is a rule of law as to the courts of general jurisdiction that it is presumed that every step necessary to give jurisdiction had been taken, and, unless the contrary appears, it will be presumed that there was due service of process or notice, or appearance by the parties.   *Exchange Bank* v. *Ault* (1885), 102 Ind. 322, 1 N. E. 562; *Quarl* v. *Abbett* (1885), 102 Ind. 233, 1 N. E. 476, 52 Am. Rep. 662; *Godfrey* v. *White* (1904), 32 Ind. App. 265, 69 N. E. 688; *First Nat. Bank, etc.* v. *Hanna* (1895), 12 Ind. App. 240, 39 N. E. 1054.   It is not necessary that the record

2.   affirmatively show that the court had jurisdiction of the parties.   *Delaware Tp.* v. *Board, etc.*

(1901), 26 Ind. App. 97, 59 N. E. 189. Appel-
3. lants failed to make any objection to the juris-
diction of the trial court to make the *nunc pro
tunc* entry until after appeal. On the contrary,
4. they gave notice of their vacation appeal from a
judgment of March 21, 1918. Jurisdiction of the
person or regularity of the proceeding must be raised
*in limine* or it is waived. 15 C. J. 847. Though en-
tered *nunc pro tunc,* the final judgment was rendered,
and the motion for a new trial was overruled March 21,
1918; 183 days thereafter the transcript on appeal was
filed. Too late. Appeal dismissed.