## KIRKHAM v. BAILEY ET AL.

[No. 12,917.  Filed November 16, 1927.  Rehearing denied February 16, 1928.]

*Henry W. Moore* and *William A. Cullop,* for appellant.
*Beasley, Douthitt, Crawford & Beasley* and *Noble J. Johnson,* for appellees.

REMY, J.—Action by appellant against appellees for malicious prosecution, it being charged in the complaint that appellees had maliciously caused two actions to be instituted and prosecuted against him.  The complaint was in one paragraph, to which appellees successfully demurred for want of sufficient facts.  Appellant refused to plead further, and judgment was rendered that he take nothing, and that appellees recover costs.  Appeal is from this judgment, and the only error assigned is the action of the court in sustaining the demurrer.

The complaint shows on its face that the alleged malicious prosecutions were each determined against appellant; that the complaint does so show is not controverted by appellant.

In this jurisdiction, it is a well-recognized requirement that before one can maintain an action for malicious prosecution, he must allege and prove that the prosecution against him, which is alleged to have been malicious, was decided in his favor. *McCullough* v. *Rice* (1877), 59 Ind. 580; *Stark* v. *Bindley* (1899), 152 Ind. 182, 52 N. E. 804. The complaint is, therefore, clearly insufficient unless it can be upheld for the reason advanced by appellant, that the judgments in the original prosecutions were absolutely void, because he was without notice of the charges made against him and was not permitted to be heard. In appellant's complaint in this action for damages for malicious prosecution, it is averred that in neither of the proceedings alleged to have been maliciously prosecuted by appellees was he notified of the charges made against him or given opportunity to be heard; it is not, however, averred in the complaint that these facts are shown by the record. The failure so to aver rendered the complaint fatally defective. As stated by the Supreme Court in *Bailey* v. *Rinker* (1896), 146 Ind. 129, 135, 45 N. E. 38: "It has long been settled in this court that where it is sought to collaterally impeach a judgment for want of notice to the parties against whom it is rendered, it is not sufficient to allege generally the want of such notice, but the complaint must allege what the record of the judgment sought to be impeached discloses on the subject, or the complaint will be bad." To the same effect see: *Layman* v. *Hughes* (1898), 152 Ind. 484, 489, 51 N. E. 1058; *Indianapolis, etc., R. Co.* v. *Harmless* (1890), 124 Ind. 25, 24 N. E. 369; *Denton* v. *Arnold* (1898), 151 Ind. 188, 196, 51 N. E.

240; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 76 N. E. 331.

Affirmed.