PARSONS v. NUTTING ET AL.

1. **Judgment:** EQUITABLE JURISDICTION. A court of equity will not interfere to restrain the collection of a judgment rendered upon a claim admitted to be due, on the ground that it was rendered without jurisdiction of the defendant and that the costs incurred were oppressive.

*Appeal from Decatur Circuit Court.*

WEDNESDAY, MARCH 21.

THE petition states that in August, 1874, the defendant recovered judgment against the plaintiff for $166, and that said judgment is void for want of jurisdiction; that no notice of the pendency of the action was ever served on plaintiff, nor was there an authorized appearance in said action for him; that E.

W. Curry, the attorney who claims to have appeared in said action for plaintiff, is insolvent and was so at the time of his appearance; and that said judgment was obtained by fraud and collusion of the attorney for defendant and said E. W. Curry; that said judgment is oppressive for the reason that the amount of seventy-five dollars of costs have been made thereon which were wholly unnecessary.

The amount of the indebtedness from plaintiff to defendant on which said judgment was rendered, and that plaintiff has no defense thereto, was admitted; that execution has been issued on the judgment and levied on plaintiff's real estate, and that he had no knowledge of any proceedings against him until May 1, 1875.

The relief asked is that defendant be enjoined from selling said lands or collecting said judgment, and for all other proper relief. To this petition there was a demurrer, which being sustained the plaintiff appeals.

*W. H. Robb*, for appellant.

*C. C. McIntire*, for appellees.

SEEVERS, J.—As the indebtedness upon which the judgment was rendered is admitted and no tender or offer to pay such

1. JUDGMENT: equitable jurisdiction. amount is averred, the question is presented whether the relief asked should, in a court of equity, be granted. It is claimed the judgment is oppressive in so far as the unnecessary costs are concerned. The petition, however, seeks to enjoin the collection of the whole judgment, and counsel for the plaintiff, in his argument, insists that he is entitled to such relief, and does not, even by the way of suggestion, concede that he is entitled to or will accept less.

It would seem that the rule that he who asks equity must do equity applies fully here. The judgment, it may be conceded, was improperly entered, and that plaintiff was not bound thereby; but, inasmuch as he concedes that he is indebted to the defendant and asks a court of equity to enjoin the collection of the judgment, we think he should at least tender or offer to pay what he thus admits is justly due before he can

obtain the aid of a court of equity. *Piggott v. Addicks,* 3 G. Greene, 427; *Crawford & Kimball v. White,* 17 Iowa, 560; *Taggart & Taggart v. Wood,* 20 Iowa, 236.

According to the plaintiff's own showing, that portion of the judgment which he claims to be oppressive could have been readily separated and distinguished from that portion which is admitted, and why the plaintiff did not content himself with seeking to enjoin such oppressive part we are at a loss to conceive. Had he so done, or expressed a willingness to be content with that measure of relief, we are not prepared to say that a tender or offer to pay would have been necessary before such relief could have been granted. In this respect this case is distinguishable from *Bryant v. Williams,* 21 Iowa, 329.

AFFIRMED.