Filed January 8, 1896.

---

No. 17,575.

### JONES, GUARDIAN, *v.* CROWELL ET AL.

JUDGMENT.—*Foreclosure Decree Against Guardian of Insane Person. —Setting Aside.—Notice.*—A decree of foreclosure against the guardian of an insane person who is served with notice of the commencement of the action will not be set aside, under section 399, R. S. 1894, on the ground of his excusable neglect where attorneys appeared for him in such action, although they were unauthorized, unless it is made to appear not only that such attorney had no authority and that there is a meritorious defense to the cause of action, but also that the rights of *bona fide* purchasers or other innocent third parties have not intervened.

SAME.—*Mortgage by Guardian of Insane Person.—Foreclosure.—Setting Aside Decree.—Notice.—Appearance by Attorney.*—A decree foreclosing a mortgage executed by the guardian of an insane person will not be set aside, under section 399, R. S. 1894, on the ground of excusable neglect of such insane person because she was not served with summons and did not authorize an appearance by attorney in the action as she was neither a necessary nor proper party defendant.

From the Carroll Circuit Court.

*Borders, Sellers & Uhl,* for appellant.

*C. C. Spencer* and *J. H. Gould,* for appellees.

JORDAN, J.—The appellant, as the guardian of Catherine DeLong, a person of unsound mind, instituted this action under section 399, R. S. 1894 (section 396, R. S. 1881), to be relieved from a judgment alleged to have been taken against a former guardian of his ward through excusable neglect, and to secure the opportunity to present a defense to the action. A demurrer was sustained to the complaint, and the only question presented for the decision of this court is the sufficiency of the facts therein to entitle the appellant to the relief demanded under this section of the statute.

A substantial statement of the facts as set forth in the complaint is as follows:

Appellant's ward in 1886 was, by the White Circuit Court, adjudged to be a person of unsound mind, and one James Vinson was by that court appointed her guardian; that at that time she was the owner of real estate situated in White county, Indiana, of the value of $2,500.00; that in 1890 said guardian, under the order of the court, borrowed for the benefit of his ward the sum of $1,012.00 of the appellees, Crowell and Heiny, and executed to them notes and a mortgage upon the lands of his ward to secure said loan; that thereafter Vinson resigned his said trust and Martin E. Hughes was by the court appointed his successor. In September, 1892, in the White Circuit Court, appellees, Crowell and Heiny, commenced an action to foreclose their mortgage, making said Hughes, as the guardian of Catherine DeLong, and said ward and other persons parties thereto; that her said guardian was served with a summons to appear to said action, but that said ward,

who at the time of the commencement of the action was a resident of Marion county, Indiana, was not served with any process in said action, and had no knowledge or notice of the pendency thereof; that after the said guardian had been served with a summons to appear and defend in said action, but before the trial thereof, to-wit, on September 26, 1892, he resigned as said guardian and was discharged by the court, and from said last date until November 23, 1893, said DeLong had no guardian of her person or property; that she was at the beginning of said action, and still is, a person of unsound mind, and that the appearance of Guthrie and Bushnell as attorneys in said action for said DeLong upon the trial thereof was without authority from her or any one having a legal right to represent her, and was without her knowledge or consent; that her guardian, Hughes, did not authorize said Guthrie and Bushnell as attorneys to appear and represent him as guardian in said action.

A copy of the judgment in the foreclosure suit is filed with the complaint and made a part thereof. It is further alleged that said ward has a just and meritorious defense to said foreclosure suit, in this, that said mortgage was void, for the reason that the White Circuit Court had no power to authorize the guardian to mortgage the lands of the ward to secure said loan, and that the money derived by the guardian upon the same was not used for her benefit. The copy of the judgment of the foreclosure proceedings shows that all of the defendants were duly served with process for more than ten days prior to the first judicial day of the term of court; that Martin E. Hughes, as the guardian of Catherine DeLong, and Catherine DeLong also appeared to the action by Guthrie and Bushnell, attorneys, and demurred to the complaint, which demurrer was over-

ruled and exception reserved; that thereafter they filed
an answer for the guardian and the cause was sub-
mitted to the court for trial, and the court, having
heard the evidence, found that there was due plaintiffs
upon the notes the sum of $442.53, part of which was
attorneys' fees, and a decree of foreclosure was accord-
ingly awarded; that thereupon the said Hughes, as
guardian, moved for a new trial, which was overruled,
and an exception taken to said ruling of the court. A
motion in arrest of judgment was then filed by said
guardian, which the court overruled, and an exception
was reserved, and the guardian was granted ninety
days to file a bill of exceptions.

It is obvious, we think, that in view of the facts as
they appear in the complaint and the copy of the fore-
closure proceedings, the appellant cannot secure the
relief sought to be obtained by him, under section 399,
*supra*, upon the grounds of excusable neglect, either in
his predecessor or in that of his ward. The latter, as
the facts disclose, was insane and under guardianship
at the time the action to foreclose was commenced, and
for this reason she was neither a proper nor necessary
party thereto. *Vogel* v. *Vogler*, 78 Ind. 353; *Ray,
Rec.,* v. *McGinnis, Guar.,* 81 Ind. 451. Therefore the
alleged facts that she was not served with summons to
appear to the action, nor did not authorize an appear-
ance by the attorneys in question, may properly be
rejected as immaterial.

The theory of the complaint in the main is seemingly
based upon the excusable neglect of the ward. As we
have seen, she was insane and under guardianship, and
under such circumstances she was neither a necessary
or proper party defendant; and as her guardian was a
party to the action, she in no way was required to
appear and plead thereto, and the court on its own

motion might have ordered her name stricken from the pleading, consequently she is not chargeable with any negligence in the premises, excusable or otherwise, and if any such exists in failing to appear and defend, it must be imputed to her guardian. By clause 5, section 2685, R. S. 1894 (section 2521, R. S. 1881), it was made the duty of the latter to appear and defend the action or cause the same, if necessary, to be defended; hence all the facts tending to excuse the appearance of the ward to the action in controversy may properly be eliminated from the complaint, as they can in no manner lend support to appellant's attempt to seek relief under section 399, *supra.* Disregarding these features of the complaint, as under the circumstances we must, the only facts remaining upon which the appellant can resort to establish excusable neglect upon the part of the former guardian, would be that after the latter had been notified of the pendency of the action in question, and before the trial thereof, he resigned his trust, and that the attorneys, Guthrie and Bushnell, had no authority *ab initio* to appear for him as guardian in said action. These facts, it is manifest, would not entitle appellant to invoke the remedy provided by the section of the statute to which we have referred. The copy of the judgment which the appellant filed with and made a part of his complaint, discloses that Hughes (whom it is conceded was served with notice of the commencement of the action) did appear by his attorneys and made an issue therein, and after the finding of the court filed his motion and reasons for a new trial. These proceedings were had in a court of general jurisdiction, and one to which the guardian was subject.

Under such circumstances, where the record in the proceedings shows that a party to the action appeared by

attorney, although the act of the latter may have been unauthorized, nevertheless it is binding and conclusive upon the complaining party until properly assailed and set aside. *Bush* v. *Bush,* 46 Ind. 70. The rule has been repeatedly affirmed by this court, that where it appears that a party to an action was within the court's jurisdiction, although he may not have been notified of the commencement of the suit, still in order to be relieved from an unauthorized appearance by an attorney therein, he must aver, not only the absence of authority upon the part of the attorney, and that he has a meritorious defense to the cause of action, but he must further allege that the rights of *bona fide* purchasers, or other innocent third parties, have not intervened. Under such circumstances a court will generally stay proceedings upon the judgment assailed, preserving, however, the liens and rights thereunder, and will permit the complaining party to make his defense to the original action and to the extent that he may succeed in establishing his defense, relieve him from the effects of the judgment. *Pierson* v. *Holman,* 5 Blackf. 482; *Wiley* v. *Pratt,* 23 Ind. 628; *Floyd County, etc., Assn.* v. *Tompkins,* 23 Ind. 348; *Bush* v. *Bush, supra; Coon, Admr.,* v. *Welborn,* 83 Ind. 230; *Hollinger* v. *Reeme,* 138 Ind. 363 (24 L. R. A. 46).

It follows that the complaint was not sufficient in facts, and the demurrer was properly sustained.

Judgment affirmed.

Filed January 8, 1896.