## PAUL v. BALTIMORE & OHIO RAILROAD COMPANY.

[No. 4,660. Filed February 2, 1904. Rehearing denied March 30, 1904.
Transfer denied May 13, 1904.]

APPEARANCE.—*Removal of Cause.—Special Appearance.*—Where an appearance was entered in a state court for the purpose of securing a removal of the cause, as affecting one of the defendants, to the federal court, the transmission of the transcript of the proceedings of the state court against the other defendant, accompanied by a letter directing the filing of the transcript "in pursuance of the removal" and the entry upon the docket of the appearance of one of the attorneys who was of counsel for each of the defendants, can not be regarded as amounting to a general appearance to the action against such defendant. *pp. 157–169.*

SAME.—*Removal of Cause.—Special Appearance.*—Where defendant procured the removal of a cause to the federal court and afterward entered a special appearance and moved to strike out an amended complaint, and to dismiss the action, the action of the court in remanding the suit to the state court and adjudging the costs of removal against defendant can not be regarded as establishing a general appearance of defendant. *pp. 157–169.*

SAME.—*Special Appearance.—Answer in Abatement.—Motion to Strike Out Interrogatories.*—Where interrogatories were filed by plaintiff relating to matters presented by an answer in abatement, the filing of a motion to strike out part of the interrogatories and saving an exception to the ruling of the court on such motion would not change the special appearance of defendant, made for the purpose of presenting the matter in abatement alone, into a general appearance to the action. *pp. 169–171.*

From Steuben Circuit Court; *S. A. Powers*, Special Judge.

Action by Frank S. Paul against the Baltimore & Ohio Railroad Company. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*F. M. Powers* and *R. W. McBride*, for appellant.

*Pam, Calhoun & Glennen, J. E. Rose, J. H. Rose, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for appellee.

BLACK, J.—The appellant, in 1888, brought an action against the Baltimore & Ohio & Chicago Railroad Company in the DeKalb Circuit Court, to recover damages for

a personal injury alleged to have been suffered by him while in the employment of that company, through the negligent action of its agents. The cause having been removed, on the application of the defendant, to the circuit court of the United States, it was remanded by that court to the DeKalb Circuit Court, upon a verified motion of the plaintiff, showing that the defendant was a corporation formed by the consolidation of an Ohio corporation and an Indiana corporation, and that the consolidated company, known by the name of the Baltimore & Ohio & Chicago Railroad Company was the sole defendant in the cause. Afterward, there being on file in the cause an answer of the defendant in two paragraphs—the first a general denial, and the second an answer alleging, amongst other things, that the plaintiff, at all times mentioned in his complaint, and at the time of his alleged injury complained of, was an employe of the Baltimore & Ohio Railroad Company, and not of the answering defendant—the venue was changed to the court below. Thereafter in that court the cause was tried by jury, and a verdict was returned in favor of the plaintiff, against the defendant therein, for $10,000, upon which judgment was rendered against the defendant therein, the Baltimore & Ohio & Chicago Railroad Company, from which judgment that company appealed to the Supreme Court of Indiana, by which the judgment was reversed, with instructions to the trial court to render judgment for the defendant, and the trial court, February 22, 1896, did render judgment in accordance with that mandate, in favor of the defendant, against the plaintiff. No verdict was returned, and no judgment was at any time rendered in that cause against the Baltimore & Ohio Railroad Company, a distinct corporation of the state of Maryland, which, at the times mentioned in the complaint in that action, was engaged in the operation of the railroad which was owned by the defendant in that action, the Baltimore & Ohio & Chicago Railroad Company,

on which the plaintiff in his complaint claimed to have been injured. During the above-mentioned trial of that cause in the Steuben Circuit Court, in 1891, the Baltimore & Ohio Railroad Company appeared therein specially, and for the purpose, and no other, of filing a petition and bond, which it did, for the removal of the cause to the circuit court of the United States for the district of Indiana, in which petition it was alleged, amongst other things, that the suit was brought by the plaintiff against the Baltimore & Ohio & Chicago Railroad Company to recover from it $10,000 damages, and that therefore it involved more than the sum of $2,000, exclusive of interest and costs; that the plaintiff, at the time of the commencement of the suit and thereafter, was a resident and citizen of the State of Indiana, and that the petitioner the Baltimore & Ohio Railroad Company was a corporation organized under the laws of the state of Maryland, and at the commencement of the suit, and since, was a citizen of that state; that it operated several lines of railroad west of the Ohio river, one of which was known as the Chicago division of the Baltimore & Ohio Railroad Company, running from Chicago Junction, in Ohio, and passing through DeKalb county in Indiana, to the city of Chicago, Illinois; that the Baltimore & Ohio & Chicago Railroad Company was a corporation of the state of Ohio as claimed by it, but of the states of Ohio and Indiana as claimed by the plaintiff; that the suit had proceeded to trial against the last-named company until the testimony had been taken in part therein, when the plaintiff had called witnesses to prove that one John M. Hooken, upon whom the summons in said cause was served, was the agent of the corporation that operated the line of railroad in the petition described, and that the summons having been served on Hooken, the plaintiff Paul was claiming on the trial the right to proceed against the corporation so operating the railroad; that as the petitioner did, in fact, operate the same during all the times com-

plained of in the plaintiff's complaint, and before and ever since that time, the right so claimed by the plaintiff was the right to proceed against the petitioner, the Baltimore & Ohio Railroad Company, and not the defendant named in the complaint and the summons therein issued, viz., the Baltimore & Ohio & Chicago Railroad Company. The petitioner for removal further alleged that the court, during that trial, sustained the claim of the plaintiff, in so proceeding against the operating company, over the objection of the defendant, and admitted, over such objection, the testimony so offered by the plaintiff, and held that the plaintiff might proceed against the petitioner, the Baltimore & Ohio Railroad Company, and that, this being the first notice the petitioner the Baltimore & Ohio Railroad Company, had of the claim of the plaintiff so to prosecute said suit against it and obtain judgment against it, it objected and protested against such proceeding, and denied the right of the plaintiff so to proceed, and presented said petition and bond for the removal of the cause into the circuit court of the United States for the district of Indiana, and prayed that the removal be ordered. The Steuben Circuit Court refused the prayer of that petition, and afterward, May 2, 1892, the Baltimore & Ohio Railroad Company, in pursuance of its petition for removal, filed in the office of the clerk of the United States Circuit Court for the district of Indiana its transcript of the proceedings had and the papers filed in the Steuben Circuit Court in the case of Frank S. Paul v. Baltimore & Ohio & Chicago Railroad Company. No proceedings were had in the United States court in the cause, taken by either of the parties, and no orders were made by that court therein, until after the decision of the Supreme Court of Indiana before mentioned; but on December 18, 1895, the plaintiff, by leave of court, filed an amended complaint, wherein he named the Baltimore & Ohio Railroad Company as the sole defend-

ant in the cause, and sought to recover damages from it for the same injuries alleged to have been sustained by him in the complaint originally filed in the DeKalb Circuit Court, as aforesaid, against the Baltimore & Ohio & Chicago Railroad Company, alleging in the amended complaint that in the original complaint aforesaid there was a misnomer of the defendant, in that the defendant was therein designated as the Baltimore & Ohio & Chicago Railroad Company instead of the Baltimore & Ohio Railroad Company, but that process in the case was served upon the last named company, and that it appeared to the action and procured the removal of the cause to the United States court. Afterward, December 28, 1895, the Baltimore & Ohio Railroad Company entered its special appearance in the United States court in said cause, and filed its written motion to strike said amended complaint from the files and to dismiss the cause, alleging in said motion that the Baltimore & Ohio Railroad Company was not then and never had been a party to the suit, and that the circuit court of Steuben county never had acquired jurisdiction over it, nor had the circuit court of DeKalb county; and that the United States court had no jurisdiction whatever over that company, and that it was not a party to the suit. Afterward, February 26, 1896, the plaintiff, in opposition to this motion of the Baltimore & Ohio Railroad Company, filed his own affidavit and the affidavit of one of his attorneys. In his affidavit he stated that the record was filed in the United States court by a certain person who was an attorney of record, who presented with the record a letter to the clerk of the United States court, referring therein to the accompanying record as a transcript in the cause of Frank Paul against the Baltimore & Ohio Railroad Company, which he therein requested the clerk to file and docket, the letter being signed by said attorney as "counsel for defendant."

It was further shown in the plaintiff's affidavit that the record or transcript was filed by the clerk of the United States court and docketed as a pending cause, and, when so docketed, the name of a certain attorney for the defendant was entered on the docket as an attorney for the defendant, and had been so entered on the dockets of that court ever since; that the defendant did not by counsel, or otherwise, indicate a purpose to question the jurisdiction of the United States court, either over the subject-matter or the persons in the litigation, or· that their appearance would be special, or that it would be other than a full and general appearance, until after the· plaintiff had filed his amended complaint, and until the filing of the motion to strike out that complaint.    The affidavit of the plaintiff also recited the facts relating to the appeal to the Supreme Court of Indiana, and the judgment of that court before referred to, and 'stated that while the cause in the state court was entitled "Frank S. Paul v. Baltimore & Ohio & Chicago Railroad Company," there never was any service of process upon that company, and that it was shown in the trial that the summons had been served on one John M. Hooken, who at the time was the agent and employe of the Baltimore & Ohio Railroad Company, and that by the testimony adduced by the defendant in the state court, the Baltimore & Ohio & Chicago Railroad Company, at the time the cause of action accrued, and when the suit was commenced, had no officer, agent, or employe whatever in the State of Indiana, and that the attorneys who appeared as attorneys and conducted the defense were the attorneys for the Baltimore & Ohio Railroad Company, and that upon said trial it was admitted of record by the parties that since September 1, 1886, the only officers of the Baltimore & Ohio & Chicago Railroad Company were its president, secretary, treasurer, and general engineer, and that none of these had resided in Indiana; that the state court in which the cause was tried acquired jurisdiction over the

person of the Baltimore & Ohio Railroad Company, and
that it was the only person actually contesting the cause
in the state court; that after the Baltimore & Ohio Railroad Company filed its petition for removal, as before
stated, the plaintiff did not, in person or by counsel, take
any steps to secure the correction of the misnomer alleged
in his affidavit, but that believing that there were, in fact,
two separate and distinct corporations, one named the
Baltimore & Ohio & Chicago Railroad Company and the
other the Baltimore & Ohio Railroad Company, and that
the former actually owned the line of railroad, and therefore was responsible, as he believed, and that the judgment,
if any should be recovered against it, would be collectible,
and believing that the facts and circumstances surrounding
the cause were sufficient to justify recovery against the
Baltimore & Ohio & Chicago Railroad Company, as the
owner of the railroad, he allowed the cause to proceed to
final judgment as against it, and did not seek to recover a
judgment against the Baltimore & Ohio Railroad Company,
except as the interests of that company were interblended
and connected with the interests of the Baltimore & Ohio &
Chicago Railroad Company, and might be affected by a
judgment rendered against the latter company, and that
the plaintiff had not at any time taken any steps or done
anything with the purpose and intention of waiving any
right or claim against the Baltimore & Ohio Railroad Company.    In the affidavit of the plaintiff's attorney before
mentioned it was stated that the affiant had carefully read
the record filed in the Supreme Court of Indiana as aforesaid, and also the record filed in the United States Circuit
Court, and that the claim that Hooken, upon whom process
was served, was the agent of the Baltimore & Ohio Railroad
Company was sustained by the testimony set out in the
record in the Supreme Court, mentioning the names of
certain witnesses, and stating their testimony to such effect,
and also testimony to the effect that the Baltimore & Ohio

& Chicago Railroad Company had no officer except a president, a secretary, a treasurer, and a general engineer, and had nothing to do with the operation. of the railroad, and that the employes running trains thereon were in the employ of the Baltimore & Ohio Railroad Company, and that a certain attorney who appeared as such for 'the defendant was at all times the attorney of the Baltimore & Ohio Railroad Company, and acting for it in the cause, and that a certain special agent of the Baltimore & Ohio Railroad Company, as such, prepared the cause for trial in the state court.

Such proceedings were had in the United States court that March 2, 1896, the motion of the Baltimore & Ohio Railroad Company to strike out the amended complaint and to dismiss the cause was overruled, and that court found that the cause was wrongfully removed from the Steuben Circuit Court to the United States court by that company, and it was ordered that the suit be remanded to the Steuben Circuit Court, and that the costs occasioned by the removal should be, adjudged against the Baltimore & Ohio Railroad Company. Thereafter a transcript of the proceedings had in the United States court was, by the plaintiff, filed in the Steuben Circuit Court, and the cause was placed on the docket as a cause pending therein. Afterward, April 21, 1896, the Baltimore & Ohio Railroad Company appeared in the cause specially, and for the purpose of its motion only, and moved to strike from the files the amended complaint filed in the United States court, for the reason that that company was not a party to the suit, that the United States court had no jurisdiction over the cause or over that company, and that the Steuben Circuit Court had not at any time any jurisdiction over that company. No further proceedings were had in the cause until May 8, 1900, when the motion last mentioned was overruled, and the plaintiff thereupon filed his further amended complaint against the Baltimore & Ohio

Railroad Company, wherein he sought to recover damages for the same injury complained of in said complaint originally filed in the DeKalb Circuit Court. No further proceedings were then had until April 16, 1901, when the Baltimore & Ohio Railroad Company appeared specially in the cause for the purpose of filing its answer, and for no other purpose, and filed its answer by way of a plea in abatement to the jurisdiction of the court. After the filing of this answer the plaintiff filed seventeen interrogatories to the defendant, to be answered under oath, and the defendant thereupon moved to strike out two of these interrogatories, which motion was by the court overruled, to which ruling the defendant excepted.

The foregoing facts were in substance stated by the court below in a special finding, wherein it was further specially found that the Baltimore & Ohio Railroad Company was not a party to said suit of Frank S. Paul against the Baltimore & Ohio & Chicago Railroad Company, or Frank S. Paul against the Baltimore & Ohio Railroad Company, until the filing of the amended complaint in the United States court, except as it may have made itself a party thereto by filing the petition for removal, and in filing the record and proceedings in the United States court; that the Baltimore & Ohio Railroad Company never appeared in the cause of Frank S. Paul against the Baltimore & Ohio & Chicago Railroad Company, or Frank S. Paul against the Baltimore & Ohio Railroad Company, nor authorized anyone else to appear for it in either of said causes, except as hereinbefore set out, and that no summons or other process was ever issued or served upon the Baltimore & Ohio Railroad Company requiring it to appear in either of said causes.

The subject of the discussion of counsel is the question as to the jurisdiction of the court over the person of the appellee. It is insisted, on behalf of the appellant, that the court below had jurisdiction of the appellee, acquired

by its voluntary appearance, which it is claimed the record shows. Reference is made by counsel to those portions of the record showing an appearance of the defendant by its counsel in the United States court, and its filing of the transcript therein, and the letter above mentioned which accompanied the transcript; all this without any express entry of a special appearance for the purpose of raising the question as to jurisdiction of the person of the defendant, the record showing that the persons who did these things were attorneys for both of the railroad companies; attention being called also to the fact that the cause remained on the, docket of the United States court for a number of years, and until the plaintiff had filed an amended complaint, before the jurisdictional question was presented.

It is claimed also that the action of the United States court in overruling the motion to strike out the amended complaint and to dismiss the cause involved the question presented by the plea in abatement afterward filed in the Steuben Circuit Court, and that the action of the latter amounts to permitting a collateral attack upon the judgment of the United States court, and reverses the judgment of that court. Furthermore, it is claimed that the act of the appellee in filing its motion to strike out two of the interrogatories which were filed by the appellant after the filing of the answer in abatement, and its taking an exception to the ruling of the court upon that motion, conclusively showed a general appearance of the appellee to the action.

The appellee was not, in fact, required by the local law or rule of the court to answer or plead to the complaint, but being apprehensive that steps would be taken to hold it responsible, from indications justifying such apprehension, it appeared specially in the state court for the sole purpose of making application therein for the removal of the cause to the United States court. No suit, indeed, was

actually pending in the state court against the appellee when it filed its petition and bond for removal. In *Goldey v. Morning News,* 156 U. S. 518, 525, 15 Sup. Ct. 559, 39 L. Ed. 517, it is said: "Although the suit must be actually pending in the state court before it can be removed, its removal into the circuit court of the United States does not admit that it was rightfully pending in the state court or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the circuit court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said circuit court.' "

In the case cited, as in the case at bar, there was a special appearance for the sole purpose of presenting the petition for removal, and it was therefore said that the question was not involved as to how far a petition for removal, in general terms, without specifying and restricting the purpose of the appearance in the state court, might be considered, like a general appearance, as a waiver of any objection to the jurisdiction of the court over the person of the defendant; and it was held that in case of such a special appearance in the state court, "whether the attempt to remove should be successful or unsuccessful," the special appearance could not be treated as submitting the defendant to the jurisdiction of the state court for any other purpose. In that case, also, the defendant, immediately after the action had been removed into the circuit court of the United States, filed a motion for an order setting aside the summons and the service thereof, it being expressed in this motion that the defendant appeared by its attorney specially for the purpose of applying for such order. The court, saying that irregularity in a proceeding by which jurisdiction is to be obtained is in no case waived by a special appearance of the defendant for the purpose of calling the attention of the court to such irregularity, concluded

that the defendant's right to object to the insufficiency of the service of the summons was not waived by filing the petition for removal in the guarded form in which it was drawn up, and by obtaining the removal accordingly.

In *Wabash Western Railway* v. *Brow,* 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, the court went further and held that the filing by the defendant in an action in the state court of a petition for its removal to the circuit court of the United States, without expressing the purpose to appear specially, does not amount to a general appearance, but to a special appearance only, and does not prevent the defendant, after the removal, from moving in the United States court to dismiss for want of jurisdiction of the person of the defendant, in the state court or in the United States court.    See *National Accident Soc.* v. *Spiro,* 164 U. S. 281, 17 Sup. Ct. 996, 41 L. Ed. 435; *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; *Cady* v. *Associated Colonies,* 119 Fed. 420; Moon, Removal of Causes, §206.

There is no bill of exceptions in this record.    It appears, by the court's special finding, that no proceedings in the cause were had in the United States court by either of the parties, and no orders were made therein by the court until the decision on appeal by the state court, when the amended complaint was filed naming the appellee as sole defendant, the transcript which had been filed in the office of the clerk of the United States court being a transcript of the proceedings and papers in a case of the appellant against another railroad company.    The appearance then made by the appellee was expressly special, and limited to the purpose of the motion.    On the hearing of that motion, as appears from the special finding, affidavits were presented. The alleged facts stated in those affidavits do not come before this court as facts established and found.    It is found only that such affidavits were before the United States court as evidence on the hearing of the appellee's

motion.   Assuming them to be true, the letter which accompanied the transcript, directing the filing of the transcript "in pursuance of the removal," and the mere entry upon the docket of the appearance of one of the attorneys who was of counsel for each of the railroad companies, can not be regarded as constituting a general appearance to an action against the appellee, if it be true that the taking of the removal did not amount to more than a special appearance, the party taking it having the right to raise in the United States court the question as to the jurisdiction of the person.   Nothing having been done except the transmitting of the transcript and the directing of the filing thereof, the appearance of the counsel should be regarded as made for such purpose.   The court overruled the motion to strike out the amended complaint and to dismiss the action, and at the same time, finding that the cause was wrongfully removed from the state court by the appellee, the court ordered the suit to be remanded to the state court, adjudging the costs of the removal against the appellee, it having caused the wrongful removal.   This action of the court was a conclusive determination that the cause was improperly removed.   The portion of its action which consisted of a denial of the motion made upon special appearance can not be regarded as establishing a general appearance of the appellee.   If the court had authority to sustain such a motion in a cause improperly removed, as to which we need not express an opinion, it did not conclude itself from remanding the cause at any time when it found it had no jurisdiction.   Nothing preceding the remanding of the cause and the filing of the transcript in the state court precluded the appellee from questioning the jurisdiction in that court.   Its motion therein and its answer in abatement, being made and filed upon its special appearance, did not confer jurisdiction over it.

The only matter remaining for consideration is the question as to the effect of the filing and the overruling of the

motion to strike out two interrogatories propounded after the filing of the answer in abatement, and the appellee's exception to that ruling. The interrogatories and the motion to strike out a part of them are not in the record, not having been saved by bill of exceptions. *Klingensmith* v. *Reed,* 31 Ind. 389; *Dudley* v. *Pigg,* 149 Ind. 363; *Tilden* v. *Louisville, etc., Co.,* 157 Ind. 532; *Crystal Ice Co.* v. *Morris,* 160 Ind. 651. Therefore, what we may know concerning the interrogatories and the proceedings relating to them is found in the special finding following the statement concerning the filing of the answer in abatement, as follows: "That after the filing of said answer the said plaintiff filed seventeen interrogatories to the defendant, to be answered under oath; that said defendant thereupon moved the court to strike out two of said interrogatories, which motion was by the court overruled, to which ruling the defendant excepted." Under the statute either party to a civil action may propound interrogatories, to be filed with the pleadings, relevant to the matter in controversy, and require the opposite party to answer the same under oath. §362 Burns 1901. They may be proposed with a purpose to use the answers on the trial of the matter in controversy to which they relate, or to elicit answers on which to strike out a pleading of the opposite party as sham. *Combs* v. *Union Trust Co.,* 146 Ind. 688; *Tilden* v. *Louisville, etc., Co., supra.* They may be filed at any time before the issues in the case are closed. *Sherman* v. *Hogland,* 73 Ind. 472. Interrogatories may be propounded when the matter in controversy is presented by an answer in abatement. *Combs* v. *Union Trust Co., supra.*

If the interrogatories which the appellee moved to strike out related to the matters presented by the answer in abatement, it is not perceived by us how the making of the motion and the exception to the ruling thereon would change its special appearance, made for the purpose of presenting the matter in abatement alone, into a general

appearance to the action. We can not assume that the interrogatories did not relate to matters set forth in the answer. It does not seem to be necessary to inquire whether the appellee, having filed its answer in abatement, might have moved to strike out interrogatories, subsequently filed, relating to the merits of the cause stated in the complaint, not expressly stating in the motion that it was made upon special appearance, without thereby making a voluntary appearance to the action generally.

Judgment affirmed.