NATIONAL LIFE INSURANCE COMPANY OF THE UNITED STATES OF AMERICA v. WHEELER.

[No. 11,403.    Filed December 22, 1922.]

1. APPEARANCE.—*Special Appearance.*—*Effect.*—In a proceeding by defendant under §405 Burns 1914, §396 R. S. 1881, to vacate a default after term, a special appearance by plaintiff's attorney waived no right of plaintiff. p. 185.

2. JUDGMENT.— *Default Judgment.*— *Setting Aside.*— *Notice.*— *Statutes.*—In a proceeding by defendant under §405 Burns 1914, §396 R. S. 1881, to vacate a default after term, a notice

of the application must be given plaintiff, and where such notice is not given the trial court is without jurisdiction of the person of plaintiff. p. 186.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by Charles B. Wheeler against the National Life Insurance Company of the United States of America, in which there was a judgment for plaintiff. From an order denying a motion to be relieved from the judgment, the defendant appeals. *Affirmed.*

*Shuler McCormick* and *J. B. Boyer,* for appellant.

*S. M. Emison,* for appellee.

ENLOE, J.—On September 14, 1919, the circuit court of Knox county, Indiana, rendered a judgment against the appellant herein, and in favor of the appellee, upon default, for the sum of $375 and costs. On September 2, 1921, the appellant, by its attorney, filed a motion in said court asking to be relieved from said judgment under the provisions of §405 Burns 1914, §396 R. S. 1881.

The record fails to disclose that any notice, of any kind or character, was given to or served upon the appellee of the filing and pendency of said motion.

On September 12, 1921, counsel for appellant appeared in court and called up said motion and submitted the same together with the affidavit in support thereof, to the court for its consideration.

1. The record discloses that the appellee, by his attorney, "appeared specially" to said motion, but it does not disclose that said attorney in any way took any part in said proceedings; so far as this record discloses, he was simply an "on-looker." Such a limited appearance waives nothing. *Sluter* v. *Hollowell* (1883), 90 Ind. 286; *Paul* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 157, 69 N. E. 1024. The matter was then held by the court, under advisement, until November 21, 1921, when

the court entered the final order denying said motion, and this appeal followed. The alleged error presented and relied upon is the action of the court in overruling said motion.

It has been many times decided by our Supreme Court and by this court that the proper practice under said §405 Burns 1914, *supra*, is,—to make such application *by motion* during the term at which such default and judgment were taken and rendered; but, if such application is made *at a subsequent term*, it should be by "petition" or "complaint," and that *notice thereof must be given to the adverse party.* *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583; *Lake* v. *Jones* (1874), 49 Ind. 297.

Upon the record before us the court had no jurisdiction over the person of appellee, and necessarily, therefore, it had no right to set aside said default and judgment, as requested by appellant. The judgment is affirmed.