## HUNTER v. HARRELL ET AL.

[No. 13,192.   Filed October 24, 1928.]

*Albert M. Bristor, Harry S. Medlock* and *Herbert C. Jones,* for appellant.

*Samuel O. Trimble* and *Anderson & Mayfield,* for appellees.

REMY, J.—On January 12, 1915, a promissory note for $100, payable to Harry E. Harrell, appellee herein, was executed by appellant William R. Hunter, a resident of Marion county, as principal, and by Lillie L. Hunter, a resident of Shelby county, as surety. The note not having been paid when due, an action was commenced by Harrell in the Shelby Circuit Court against the payors to enforce collection. Lillie L. Hunter, having been served with process, pleaded suretyship, setting forth that she was a married woman at the time she executed the note. The record in the case shows appearance of William R. Hunter by attorney, and filing of an answer in two paragraphs, a denial and a plea of payment. The record does not show service of process on William R. Hunter. The record shows a submission of the cause, a finding and judgment against William R. Hunter for full amount of the note, and a finding in favor of the surety on the ground that she was a married woman at the time of the execution of the note. On January 31, 1927, nearly ten years after the judgment was rendered, Harrell caused an execution to be issued out of the Shelby Circuit Court, and placed in the hands of Hawkins, sheriff of Marion county. Thereupon, William R. Hunter, having learned of the execution, and that the same was in the hands of the sheriff, commenced this suit against Harrell and Hawkins, sheriff, to enjoin the levying of the writ.

Material averments of the complaint are that plaintiff was never served with process in the original action, by reading or by copy left at his last and usual place of residence; that no attorney was authorized to appear for him in that action; that he had no knowledge that the judgment had been rendered until about the time of the commencement of this suit; and that, therefore, the court which rendered the judgment was without jurisdiction and the judgment invalid.

Upon the filing of the complaint, the court, at request of plaintiff, granted a temporary restraining order.

To the complaint, defendants filed a joint answer in denial, and Hawkins, sheriff, filed a motion to dissolve the restraining order, for the reason, as averred, that the judgment in the original action shows on its face that the court had jurisdiction of the person and subject-matter; that plaintiff, appellant herein, was represented in that action by attorneys; that this suit is an attempt to invoke the aid of equity to restrain the process of a court of law; and that the complaint does not show a meritorious defense to the original action.

Trial resulted in a dissolution of the temporary restraining order and a judgment for defendants.

The important question presented by this appeal is whether appellant, by the institution of an independent proceeding to enjoin collection of the judgment, has mistaken his remedy. It is urged by appellee that his remedy was by motion or application in the original action.

Whatever may be the rule in other jurisdictions, the law seems to be settled in this state that relief from a domestic judgment obtained through the unauthorized appearance of an attorney must be sought in the original cause by an application therein for a stay of proceedings, and a hearing upon the merits. *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 24 L. R. A. 46, 46 Am. St. 402, and cases there cited; *Critchfield* v. *Porter* (1828), 3 Ohio 518; *Parsons* v. *Nutting* (1877), 45 Iowa 404; *Corbitt* v. *Timmerman* (1893), 95 Mich. 581, 55 N. W. 437, 35 Am. St. 586; *Ambler* v. *Whipple* (1891), 139 Ill. 311, 28 N. E. 841, 32 Am. St. 202. See, also, *Shultz* v. *Shultz* (1894), 136 Ind. 323, 36 N. E. 126, 43 Am. St. 320; *Jones, Gdn.,* v. *Crowell* (1896), 143 Ind. 218, 42 N. E. 612. The authority of the attorney to appear is presumed to the extent, at least, of giving validity to the proceedings, and public policy

forbids a collateral attack upon the record and judgment.

Appellant concedes the rule to be as stated, but asserts that there is an exception where the unauthorized appearance is so complicated with fraud as to render the judgment void. If appellant is right in this contention, it would avail him nothing, for he has not alleged in his complaint, nor did he show by evidence on the trial, that the appearance was in any way complicated with fraud.

A further contention of appellant is that the Shelby Circuit Court was wholly without authority to render the judgment against him, he not being a resident of that county, and that, therefore, the judgment is void. In support of this contention, it argued that, since the record in the original action shows that Lillie L. Hunter, joined as a defendant, was a married woman, and not liable on the note as surety, it must follow that the court was without jurisdiction, citing *Moore-Mansfield, etc., Co.* v. *Marion, etc., Traction Co.* (1913), 52 Ind. App. 548, 101 N. E. 15. Section 35 of the Code of Civil Procedure (§329 Burns 1926) provides: "Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found." Construing this statute, this court, in the Moore-Mansfield case, held that if one sues a resident of another county, joining with him a resident of the county of venue, but against whom the plaintiff has no cause of action, no jurisdiction attaches, even if the resident of the other county was served with process. That is a correct statement of the law, but it has no application here. Harrell had a cause of action against Lillie L. Hunter, the surety, as well as against the principal on the note. It was none the less a cause of action against the surety, because she could, at her option, avail herself of the statutory defense.

We hold that appellant's remedy was by motion or application in the original action, and not by an independent suit to enjoin collection of the judgment.

Affirmed.