BARNHART ET AL. *v.* ROGERS ET AL.

[No. 13,842. Filed May 20, 1930. Rehearing denied November 12, 1930. Transfer denied June 17, 1933.]

*M. L. Clawson,* for appellants.

*Fabius Gwin, Beasley, Aikman, O'Brien & Beasley,* for appellees.

LOCKYEAR, J.—This was an action brought by the appellants, Lorenzo Barnhart and Margaret Barnhart, his wife, against the appellees in the Superior Court of Vigo County, in two paragraphs of complaint, wherein the appellants pray that a certain contract and conveyance be rescinded and deed set aside and that the appellees be compelled to reconvey the real estate described in the complaint to the appellants.

To this complaint, the appellees filed an answer in general denial and a second paragraph of answer wherein they plead facts to show a former adjudication of the same matters set up in the appellants' complaint, that was filed on March 2, 1922, in Superior Court No. 2 of said county, setting out in full the pleadings in that action, showing that it was between the same parties, excepting that the appellant, Lorenzo Barnhart, had been previously adjudged a person of unsound mind and that one W. A. Church, who had been appointed his guardian, had filed the complaint for him in said Superior Court No. 2 of Vigo County against the appellees herein.

The said second paragraph of answer shows that there was a finding, judgment and decree against these

appellants in that action, which was based upon a cross-complaint filed by the defendants in the first suit, viz.: Clarence Kircher, one of the appellees herein and Benjamin C. Johnson, now deceased and represented herein by the appellees, Charles B. Rogers, administrator of the estate of Benjamin C. Johnson and Eva M. Johnson, widow af Benjamin C. Johnson; that summons was issued on cross-complaint and service was had on both the appellants, Lorenzo Barnhart and Margaret E. Barnhart; that Will A. Church, guardian of Lorenzo Barnhart, appeared to the cross-complaint by his attorney, J. T. Walker, on behalf of his ward, and Margaret Barnhart appeared to the cross-complaint by her attorney, James E. Piety. Judgment was rendered in favor of the cross-complaints against the cross-defendants quieting the title of the cross-complaints to the real estate in question. The appellants filed a demurrer to this second paragraph of answer, which the court overruled and to which ruling of the court these appellants duly excepted. The appellants herein filed a reply to the said second paragraph of answer in two paragraphs, the one paragraph of reply being a general denial and the second paragraph of reply sets up facts to show that as a matter of law, the guardian for said appellant had no authority to bring this action in said Superior Court No. 2 and that said judgment was procured by fraudulent conspiracy of appellees in that action. The appellees filed a demurrer to the second paragraph of reply which was by the court sustained to which ruling of the court the appellants excepted and the appellants refusing to plead further, the case came on for trial and the appellants refused to introduce any evidence in the case and judgment was rendered against them.

The errors assigned are the overruling of the appellants' demurrer to the second paragraph of answer of

the appellees and the sustaining of the demurrer to the second paragraph of reply of the appellants.

It is contended by the appellants that the guardian of the appellant, Lorenzo Barnhart, had no authority to bring an action for his ward without having first procured an order of the court appointing such guardian authorizing the guardian to bring the action. It may be conceded that the guardian had no power to bring the original action, but when it is shown by the record that the guardian appeared and defended the cross-complaint, he was doing that which the law required him to do. Burns 1926, Sec. 3390; *Jones* v. *Crowell* (1896), 143 Ind. 218, 42 N. E. 612; *Makepeace* v. *Bronnenberger* (1896), 146 Ind. 243, 45 N. E. 336; *Chandler et al.* v. *Citizens Bank* (1898), 149 Ind. 601, 49 N. E. 579.

The acts of the guardian in the first case in entering his appearance to the cross-complaint and filing an answer thereto and a judgment rendered on said cross-complaint precludes his ward from bringing this action.

Judgment affirmed.