VAIL *v.* DEPARTMENT OF FINANCIAL INSTITUTIONS.

[No. 15,907. Filed December 20, 1938.]

*Rex S. Emerick,* for appellant.

*Frank J. Dunten* and *Atkinson & Sanders,* for appellee.

LAYMON, J.—On the 29th day of November, 1935, at the November term of the Lagrange Circuit Court, appellee recovered a judgment against the National Ad-

vertising Service, Inc., Charles R. Vail, Daisy N. Vail (appellant), and Paul R. Dunten, upon certain promissory notes and for a foreclosure of mortgages given to secure said notes. On February 17, 1936, at the following term of said court, appellant filed her verified petition to be relieved from said judgment and caused summons to be issued and served upon appellee, who was plaintiff in the original action. Appellant, in substance, alleged in her petition that a personal judgment had been rendered against her; that said judgment was rendered through her mistake, inadvertance, surprise, and excusable neglect; that by an agreement entered into between appellant and appellee's bank, previous to the execution of the mortgages sought to be foreclosed, appellant, in executing said mortgages, was not to become personally liable for the payment of the notes secured by said mortgages; that although the mortgages contained the express provision requiring her to pay said notes, such provision was inserted or left in the form mortgage without her consent and contrary to her agreement with the LaGrange Bank; that she did not appear to the action to collect said notes and to foreclose the mortgages, nor defend such action, because of her belief and reliance upon the fact that she had not become personally liable for the payment of said notes, and that therefore no personal judgment would be taken against her; that she did not know, nor was she advised that appellee was seeking a personal judgment against her, nor did she learn of such fact until after the rendition of the judgment; and that she has a meritorious defense, the facts of which are set out in the petition.

The issues joined by this petition, an answer in two paragraphs filed by appellee, and a reply to the second paragraph of answer were submitted to the court for trial, resulting in a finding and judgment denying appellant's petition. It is from this judgment appellant ap-

peals, assigning as error for reversal the action of the trial court in overruling her motion for a new trial. The grounds properly presented in this motion are substantially as follows: The decision of the court is not sustained by sufficient evidence and is contrary to law; alleged error of the court in the rejection of certain testimony.

Counsel for appellee contend that the evidence is not properly in the record. The objections are: (1) That the certificate of the judge authenticating the bill of exceptions is insufficient; (2) that the certificate of the judge does not show that the bill of exceptions contains all of the evidence given in the cause; and (3) that there is nothing in the record to show that the transcript of the evidence was ever incorporated into a bill of exceptions.

The procedure of incorporating the bill of exceptions containing the longhand manuscript of the evidence into the record cannot be commended, but upon our examination of the record we find that there has been a substantial compliance with the statute (§§2-3106 and 2-3111 Burns 1933, §§456 and 459 Baldwin's 1934). The following authorities sustain us in our view: *Daugherty* v. *Reveal* (1913), 54 Ind. App. 71, 102 N. E. 381; *Aetna Ins. Co.* v. *Jones* (1917), 64 Ind. App. 251, 115 N. E. 697; *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684.

Appellee, in support of its third objection, *supra*, has cited the case of *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602. There the record disclosed that immediately following the reporter's certificate, the transcript recites: "The appellant, Dick Rector, tenders this his bill of exceptions, and prays that the same may be signed, sealed and made a part of the record, this June 25, 1908." Underneath this statement appears the name of the trial judge. Our Supreme Court said (p. 343):

"There is nothing to show that this transcript of the evidence was ever incorporated into a bill of exceptions, as required by §657 Burns 1908, Acts 1897, p. 244."

In the instant case the certificate of the judge to the bill of exceptions sufficiently discloses that the transcript of the evidence was incorporated into a bill of exceptions. This certificate was also preceded by the statement, "And this was all the evidence given in the cause." The evidence is properly before us.

During the trial on appellant's petition to be relieved of the judgment, the record in the original action was admitted into evidence. This record disclosed that upon the filing of the complaint summons was issued for all defendants therein, returnable September 2, 1935; that the defendants, National Advertising Service, Inc., Charles R. Vail, and this appellant, Daisy N. Vail, appeared by their counsel, Herman Haskins, who, for and on behalf of said defendants, filed an answer in general denial. Upon the issues thus joined by the complaint and answer, the cause went to trial, resulting in a judgment in favor of appellee and against this appellant and the other defendants thereto.

Obviously, from the facts pleaded, the issues presented, and the relief sought in her petition, appellant has attempted to proceed and obtain relief pursuant to and as authorized by §2-1068 Burns 1933, §173 Baldwin's 1934, which in part provides: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertance, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment. [Acts 1881 (Spec. Sess.), ch. 38, §135, p. 240; 1921, ch. 115, §1, p. 277.]" This provision of the statute contemplates the filing of a complaint or motion in writing.

If the application is made at a subsequent term of

the court than that at which the judgment was entered, it is in the nature of a new proceeding. The complaining party should therefore proceed by a pleading in the nature of a complaint and, in the absence of an appearance, notice is required. *Johnson v. First Nat. Bank, etc.* (1917), 65 Ind. App. 629, 117 N. E. 676; *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 134 N. E. 508; *National Life Ins. Co.* v. *Wheeler* (1922), 79 Ind. App. 184, 137 N. E. 529. And should it appear that the application was filed under the title of the cause in which the original judgment was rendered, it is in fact an independent proceeding and will be so treated. *Globe Mining Co.* v. *Oak Ridge Coal Co., supra.*

But where, as in the instant case, the record affirmatively shows that the defendant appeared by counsel, and by and through said counsel pleaded to the cause, upon which the trial court relied in rendering its judgment, a very different situation arises. Although the act of the attorney may have been unauthorized, nevertheless it is binding and conclusive upon the complaining party until properly assailed and set aside. The authority of the attorney to appear is presumed to the extent at least of giving validity to the proceedings. In such cases and under such circumstances our courts have recognized the proper procedure and remedy to be to let the judgment stand, stay all proceedings, and permit the defendant to plead his defense. The application must be made in the original cause and allege the absence of authority upon the part of the attorney, that the petitioner has a meritorious defense to the cause of action, and that the rights of bona fide purchasers or other innocent third parties have not intervened. *Jones, Guardian* v. *Crowell* (1895), 143 Ind. 218, 223, 42 N. E. 612. Our Supreme Court in this case

said: "Under such circumstances a court will generally stay proceedings upon the judgment assailed, preserving, however, the liens and rights thereunder, and will permit the complaining party to make his defense to the original action and to the extent that he may succeed in establishing his defense, relieve him from the effects of the judgment." See also *Wiley* v. *Pratt* (1864), 23 Ind. 628; *Bush* v. *Bush* (1874), 46 Ind. 70; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114; *Hunter* v. *Harrell* (1928), 88 Ind. App. 68, 163 N. E. 295.

As has been pointed out in the above decisions, the reason for such procedure is obvious. In order to protect the plaintiff from suffering by the act of the attorney and at the same time to save the defendant from injury, the court will let the judgment stand, but stay all proceedings, and let in the defendant to plead if he has any defense, as well as protect the rights of bona fide purchasers and other innocent third parties.

Such must now be deemed the settled practice of the court. It will always afford adequate relief to a defendant, while, at the same time, it protects a plaintiff who has obtained a judgment, so far as he can be protected from some of the injurious consequences to which he might be exposed by the delay.

In the instant case it appears that the appellant appeared to the original action by her attorney and joined with the other defendants in filing an answer in general denial; that the issues joined by the original complaint and the answer in general denial were submitted to the court, who, after being duly advised in the premises and hearing evidence, entered a judgment. In view of these facts, appellant would not be entitled to invoke the remedy provided by §2-1068 Burns (§173 Baldwin's), *supra.* In the case of *Hunter* v. *Harrell, supra,* p. 70, this court said: "Whatever may be the rule in other jurisdictions, the law seems to be

settled in this state that relief from a domestic judgment obtained through the unauthorized appearance of an attorney must be sought in the original cause by an application therein for a stay of proceedings, and a hearing upon the merits."

It may be said that appellant's petition was filed under the title of the cause in which the original judgment was rendered, but in no sense can it be construed as an application for a stay of proceedings and a hearing upon the merits predicated upon the unauthorized appearance and act of the attorney appearing for appellant. The theory of appellant's petition in the main is unquestionably based upon her excusable neglect in allowing the judgment in the original cause to be taken against her. If appellant was entitled to relief it was incumbent upon her to adopt and pursue the proper remedy. This she has not done.

Should it be contended that this court should disregard the form of the proceedings and give effect to the relief which might have been obtained under proper proceedings, appellant would not be in any better position, unless the evidence is insufficient to sustain the finding of the trial court. We have examined the evidence before us. The appearance by Haskins, as attorney for appellant, was prima facie evidence of his authority to appear for her. *Castle* v. *Bell* (1895), 145 Ind. 8, 44 N. E. 2; *Godfrey* v. *White* (1904), 32 Ind. App. 265, 69 N. E. 688. Furthermore, the attorney, while testifying as a witness, in placing his own construction upon what had occurred between him and the appellant, stated: "I was under the impression I was representing her." He was asked: "Q. It was your understanding that in your conversation with her and with him [Daisy N. and Charles Vail] that you were to represent her at the time you would appear here? A. That was my understanding."

As has been many times said, this court cannot weigh evidence. We think the evidence in the instant case is sufficient to sustain the action of the trial court.

We must therefore conclude that it was not error for the trial court to deny the petition of the appellant.

Judgment affirmed.