## DAUSMAN v. DAUSMAN, EXECUTOR, ET AL.

[No. 16,574. Filed May 5, 1941. Rehearing denied December 5, 1941. Transfer denied January 21, 1942.]

*William Gray Loehn* and *Asa Leckrone,* both of Warsaw, for appellant.

*J. Edward Headley,* of Warsaw, for appellees.

CURTIS, C. J.—This was an action of the appellant to set aside a judgment rendered against him upon a promissory note in an action in the Elkhart Circuit Court entitled, "Samuel Dausman, Executor of the estate of David Dausman, deceased, v. Charles Dausman." The appellant's third amended complaint upon which the matter was presented to the trial court was very voluminous. It would require many pages of this opinion to set it out in full. A brief summary of its allegations will be sufficient for an understanding of the controlling questions involved in the instant case. The appellee, executor, as such executor brought a suit upon a promissory note in the Kosciusko Circuit Court against the appellant. A change of venue was taken to the Elkhart Circuit Court where a default judgment was taken against the appellant. This judgment was later set aside and the appellant permitted to defend. He then employed an attorney who filed an answer in five paragraphs all of which were later withdrawn upon request of said attorney and by leave of court, except the first paragraph which was a general denial. Upon those issues the matter was submitted to the court who made a finding and entered a judgment against the

appellant in the sum of $1,437.27. No motion for a new trial was ever filed or tendered for filing.. This judgment was entered on the 12th day of March, 1934. One month and two days later, to wit, on April 14, 1934, the sheriff of Kosciusko County levied upon personal property and the same was sold to a third person. The appellant alleges that the said levy was his first knowledge of said judgment. It is alleged that on the day. when said last judgment was rendered the appellant was told by his attorney to remain in an anteroom of the courthouse away from the courtroom and that the cause would go only to a finding and not to judgment; that he was surprised and deceived by his attorney in whom he trusted and upon whom he relied and was defrauded by him in allowing said judgment to be entered and that the court was not apprised by said attorney that said attorney had agreed with the appellant that a finding only would be made and no judgment entered; that the appellant had an agreement with the said executor that the amount due on the note would be deducted from the distributive share of the appellant in the estate which the appellee executor represented and that said distributive share of the appellant in said estate exceeded the amount due on said note, but that a disagreement had arisen between the appellant and said executor as to the amount due on said note and that was the reason for the said suit upon the note; that this action was brought "as soon as it was physically possible for him so to do."

The appellee filed a demurrer to said third amended complaint of the appellant. This demurrer was sustained and the appellant ordered to plead over on or before a certain day fixed. The appellant failed and refused to plead over, whereupon the court rendered judgment that he take nothing and for costs. From

that judgment this appeal has been prosecuted, the errors assigned being that the court erred in sustaining the said demurrer, in ordering the appellant to plead over and in rendering said judgment upon appellant's refusal to plead over.

The ground of the demurrer is that said third amended complaint does not state facts sufficient to constitute a cause of action. The memorandum to the demurrer relies upon the facts that the third amended complaint shows upon its face that the appellant was present in court by his attorney when said judgment was entered and the appellant is bound thereby; that the appellant was guilty of laches in that he stood by from April 14, 1934, when he certainly knew about the judgment until December 14, 1935, the date when he filed the complaint in the instant case, a period of 20 months without taking any action whatever to set aside said judgment, and with the full knowledge that the sheriff had levied upon property and sold the same, under said judgment to a third person whose rights have thereby intervened.

We think that the ruling on the demurrer is correct. The appellant relies upon the last paragraph of § 2-1068, Burns' 1933, which is as follows: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two [2] years from and after the date of the judgment." But we see no sufficient allegations of mistake, inadvertence, surprise or excusable neglect within the meaning of said statute in the instant case. The appellant was bound by his attorney who appeared personally in court when said judgment was taken. He himself knew of

the judgment one month and two days after it was taken. From the allegations of the said third amended complaint, it is clear that the appellant knew of the decision or finding on the day it was made. The statute fixes the time for the filing of a motion for a new trial. See § 2-2403, Burns' 1933. No such motion was ever filed and no attempt made to file one. Neither is there any allegation as to any attempt within one year after judgment was taken to proceed by complaint for a new trial for causes discovered after the term as provided by § 2-2405, Burns' 1933. Whether or not the appellant has a cause of action against said attorney is a matter not before us and we express no opinion in that regard. See: *Vail* v. *Department of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. (2d) 854, and cases cited.

If the appellant had any remedy in equity based upon fraud that he alleges was perpetrated upon him by his own attorney, he would have to act so as not to be guilty of laches; and this is particularly true when, as in the instant case, the rights of third persons have intervened. He has not joined his said attorney in this action and there are no allegations in the third amended complaint that amount to fraud on the part of the appellee herein.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 775.